ACCEPTED
01-15-00464-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/16/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

01-15-00464-CV (Tex.App.-Hous. (1 Dist.)) (Appellate Brief)

Court of Appeals of Texas, Houston (1st Dist.).

ANDREW PATTERSON, Appellant,

v.

TRANSCONTINENTAL INSURANCE COMPANYSN, Appellee

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/15/2015 9:46:07 PM
CHRISTOPHER A. PRINE
Clerk
VOID K

No. 01-15-00464-CV.

October 28, 2015.

On Appeal From the 129TH Judicial District Court of Harris County, Texas

Brief of Appellant

Andrew Patterson, Pro Se.

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/16/2015 10:56:00 AM
CHRISTOPHER A. PRINE
Clerk

## *i TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS | i |
| INDEX OF AUTHORITIES | iii |
| REFERENCE CITATION GUIDE | ix |
| STATEMENT OF THE CASE | xi |
| ISSUES PRESENTED | xii |
| STATEMENT OF FACTS | 1 |
| TIMELINE | 10 |
| SUMMARY OF ARGUMENT | 11 |
| STANDARD OF REVIEW | 12 |
| ARGUMENT | 13 |
| | 22 |
| | 24 |
| | 25 |
| | 32 |
| | 39 |
| CONCLUSION | 41 |
| CERTIFICATE OF SERVICE | 42 |
| APPENDIX | 43 |

## *iii INDEX OF AUTHORITIES

CASES

Johnson v. City of Fort Worth 774 S.W.2d 563 (Tex. 1989)    4

Kroger Co. v. Keng 23 S.W.3d 347, 349 (Tex.2000) — 4

Texas Water Comm'n v. Brushy Creek Mun. Util. Dist. 917 S.W.2d 19, 21 Tex. 1996) — 4

Monsanto Co. v. Cornerstones Mun. Util. Dist. 865 S.W.2d 937, 939 (Tex.1993) — 4

Fitzgerald v. Advanced Spine Fixation Sys., Inc. 996 S.W.2d 864, 865 (Tex.1999) — 4

Republic Bank Dallas v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex.1985) — 4

Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001) — 4

City of Amarillo v. Glick 991 S.W.2d 14, 16 (Tex.App. - Amarillo 1998, no pet.) — 5, 7

First Nat'l Bank of Commerce v. Anderson Ford-Lincoln-Mercury, Inc. 704 S.W.2d 83, 85 (Tex.App. - Dallas 1985, writ ref'd n.r.e.) — 5

Hartford Underwriters Ins. Co. v. Hafley 96 S.W.3d 469, 475 (Tex.App. - Austin 2002, no pet.) — 6, 9, 10

Texas DOT v. Beckner 74 S.W.3d 98, 103 (Tex.App. - Waco 2002, n.p.h.) — 6

Johnson v. UPS 36 S.W.3d 918, 920 (Tex.App. - Dallas 2001, pet. denied) — 6

F.D.I.C. v. Graham 882 S.W.2d 890, 900 (Tex.App. - Houston [14th Dist.] 1994, no writ.) — 7

Criton Corp. v. the Highlands Ins. Co. 809 S.W.2d 355, 357 (Tex.App. - Houston [14th Dist.] 1991, writ denied) — 7

*v Weng Enterprises v. Embassy World Travel 837 S.W.2d 217, 222-23 (Tex.App. -Houston [1st Dist.] 1992, no writ.) — 7

Scholl v. Home Owners Warranty Corp. 810 S.W.2d 464, 468 (Tex.App. - San Antonio 1991, no writ) — 7

Perez v. Baker Packers 694 S.W.2d 138, 143 (Tex.App.- Houston [14th Dist.] 1985, writ ref'd n.r.e.) — 7

Dear v. City of Irving 902 S.W.2d 731, 739 (Tex.App. - Austin 1995, writ denied) — 7

Cigna Ins. Co. v. Middleton 986 S.W.2d 715 (Tex.App. - Eastland 1999, no pet.) — 8

Cigna Ins. Co. v. Middleton 63 S.W.3d 901 (Tex.App. - Eastland 2001, pet. denied) — 8, 9, 10

Liberty Mut. Ins. Co. v. Montana 49 S.W.3d 599, 603 (Tex.App. - Fort Worth 2001, no pet.) — 9

Albertson's, Inc. v. Sinclair 984 S.W.2d 958, 961 (Tex. 1999)   13

Lujan v. Houston Gen. Ins. Co. 756 S.W.2d 295, 297 (Tex.1988)   13

Ward v. Charter Oak Fire Ins. Co. 79 S.W.2d 909, 910 (Tex.1979)   13

Bruce v. Knodell 103 S.W. 433 (Tex.Civ.App. 1907)   13

Reed v. State 78 S.W.2d 254 (Tex.Civ.App. - Austin 1935)   13

Hatch v. Dance 644 So.2d 713, 10 FLW 659 (1985, Fla. App. D4)   14

Lion Oil v. Tamarac Lakes, Inc. 232 So.2d 20 (1970, Fla. App.)   14

Stuart Plaza, Ltd. v. Atlantic Coast Development Corp. 493 So.2d 1136, 11 FLW 1983 (1986Fla.App. D4)   14

*vi Ajax Paving Industries, Inc. v. Hardaway Co. 824 So.2d 1026 (Fla.Dist.Ct.App. 2d Dist.2002)   14

Fisher v. Spray Planes, Inc. 814 S.W.2d 628 (1991 Mo.App.)   14

Uniflow Mfg. Co. v. Superflow Mfg. Corp., 10 FRD 589 (1950 DC Ohio)   14

Western Coal & Min. Co. v. Petty 132 F. 603 (1904 CA 8 Ark.)   14

Corcoran v. Columbia Broadcasting System, Inc. 121 F.2d 575 (1941, CA 9 Cal.)   14

Corcoran v. Columbia Broadcasting System, Inc. 121 F.2d 575 (1941, CA 9 Cal.)   14

Catello v. I.T.T. General Controls 152 Cal.App.3d, 200 Cal.Rptr. 4 (1984 3d Dist.)   14

Parrott v. Mooring Townhomes Ass'n, Inc. 112 Cal.App.4th 873, 6 Cal. Rptr. 3d 116 (2d Dist. 2003) review filed (Nov. 20, 2003)   14

Sackett v. Mitchell 505 P.2d 1136, 264 Or. 396 (1973)   14

Vincent, Inc. v. Krishell Laboratories, Inc. 532 P.2d 237 (Or. 1975)   14

Anderson v. Gold Seal Vineyards, Inc. 505 P.2d 790, 81 W ash.2d 863 (1973)   14

Associated Convalescent Enterprises v. Carl Marks & Co. 33 Cal.App. 3d 116, 108 Cal.Rptr. 782 (1973)   15

Gray v. Kay 47 Cal App.3d 562, 120 Cal. Rptr 915   15

Zuern v. Jensen 336 N.W.2d 329 (1983 ND) — 15

Carter v. Rubrecht 108 P.2d 546, 188 Okla. 325 (1940) — 15

*vii Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, et. al., 532 U.S. 598 (2001) — 16

Farrar v. Hobby 506 U.S. 103, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992) — 16

Cases

*Albertson's Inc. v. Sinclair,* 984 S.W.2d 958 (Tex. 1999) — 15

*Bird v. Kornman,* 152 S.W.3d 154 (Tex. App.-Dallas 2004, pet. denied) — 15

*Calhoun v. Killian,* 888 S.W.2d 51 (Tex. App.-Tyler 1994, writ denied) — 12

*Cantu v. Holiday Inns, Inc.,* 910 S.W.2d 113 (Tex. App.-Corpus Christi 1995, writ denied) — 17

*Cardenas v. Continental Ins. Co.,* 960 S.W.2d 401 (Tex. App.-Corpus Christi 1998, writ denied) — 37, 38

*Casillas v. State Office of Risk Mgmt.,* 146 S.W.3d 735 (Tex. App.-El Paso 2004, no pet.) — 15, 17-19

*Commissioners Court v. Agan,* 940 S.W.2d 77 (Tex. 1997) — 12

*Continental Cas. Co. v. Davila,* 139 S.W.3d 374 (Tex. App.-Fort Worth 2004, pet. denied) — 19

*Continental Cas. Co. v. Downs,* 81 S.W.3d 803 (Tex. 2002) — 24, 26-27, 31, 38

*Downs v. Continental Cas. Co.,* 32 S.W.3d 260 (Tex. App.-San Antonio 2000) — 28, 41

*Graham Gen. Hosp. v. Phillips,* No. 2-03-231-CV, 2003 WL 22251455 (Tex. App.-Fort Worth Oct. 2, 2003, no pet. h.) — 15

*Great Am. Indemnity Co. v. McElyea,* 57 S.W.2d 966 (Tex. Civ. App.-El Paso 1933, writ ref'd) — 32

*iv H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678 (Tex. App.-Corpus Christi 1991, writ denied) — 14

*Hall v. Stephenson,* 919 S.W.2d 454 (Tex. App.-Fort Worth 1996, writ denied) — 21

*Hefley v. Sentry Ins. Co.,* 131 S.W.3d 63 (Tex. App.-San Antonio 2003, pet. denied) — 37

*In re E. V.,* No. 08-04-00364-CV, 2006 WL 250488 (Tex. App.-El Paso Feb. 2, 2006, no pet. h.) — 19

*Insurance Co. of State of Pa. v. Martinez,* 18 S.W.3d 844 (Tex. App.-El Paso 2000, no pet. h.) — 15, 16, 23

*Insurance Co. of the State of Pa. v. Hartford Underwriters Ins. Co.,* 164 S.W.3d 747 (Tex. App.-Houston [14th Dist.] 2005, no pet.) — 28

*Insurance Co. of the State of Pa. v. Orosco.* 170 S.W.3d 129 (Tex. App.-San Antonio 2005, no pet. h.) — 19, 23

*Krueger v. Atascosa County,* 155 S.W.3d 614 (Tex. App.-San Antonio 2004, no pet.) — 37

*McClure v. Landis,* 959 S.W.2d 679 (Tex. App.-Austin 1997, pet. denied) — 21

*Mellon Serv. Co. v. Touche Ross & Co.,* 946 S.W.2d 862 (Tex. App.-Houston [14th Dist.] 1997, no writ) — 17, 18

*National Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525 (Tex. 1989) — 24

*New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677 (Tex. 1990) — 14

*Phillips v. Phillips,* 820 S.W.2d 785 (Tex. 1991) — 33

*v Provident Life & Accident Co. v. Knott,* 128 S.W.3d 211 (Tex. 2003) — 12

*Randle v. Bo-Mac Contractors, Inc.,* No. 09-98-427-CV, 1999 WL 378362 (Tex. App.-Beaumont June 10, 1999, no pet. h.) — 36

*Raney v. White,* 267 S.W.2d 199 (Tex. Civ. App.-San Antonio 1954, writ ref'd) — 33

*Ryland Group, Inc. v. Hood,* 924 S.W.2d 120 (Tex. 1996) — 21

*Schaefer v. Texas Employers' Ins. Ass'n,* 612 S.W.2d 199 (Tex. 1980) — 21

*Southern Ins. Co. v. Brewster,* No. 01-05-00748-CV, 2005 WL 2850341 (Tex. App.-Houston [1st Dist.] Oct. 27, 2005, no pet.) — 9

*Texas Prop. & Cas. Ins. Guaranty Ass 'n v. De Los Santos,* 47 S.W.3d 584 (Tex. App.-Corpus Christi 2001, no pet.) — 22

*Texas Workers' Comp. Ins. Fund v. Simon,* 980 S.W.2d 730 (Tex. App.-San Antonio 1998, no pet.) — 36

*Valley Forge Ins. Co. v. Austin,* 65 S.W.3d 371 (Tex. App.-Dallas 2001), *pet. denied per curiam,* 105 S.W.3d 609 (Tex. 2003) — 13

*Villalon v. Bank One,* 176 S.W.3d 66 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) — 15

*Walker v. Cleere,* 174 S.W.2d 956 (Tex. 1943) — 14

*White v. Schiwetz,* 793 S.W.2d 278 (Tex. App.-Corpus Christi 1990, no writ) — 14

*vi Zurich Am. Ins. Co. v. Gill,* 173 S.W.3d 878 (Tex. App.-Fort Worth 2005, pet. filed) — 24, 28, 30

Statutes, Rules and Regulations

28 TEX. ADMIN. CODE § 124.3 (2000) — 26

TEX. GOV'T CODE ANN. § 22.220(c) (Vernon Supp. 2005) — 17

TEX. LABOR CODE ANN. § 401.025 (Vernon Supp. 2005) — 16

TEX. LABOR CODE ANN. § 402.001(b) (Vernon Supp. 2005) — 16, 23

TEX. LABOR CODE ANN. § 408.222 (Vernon Supp. 2005) — 41

TEX. LABOR CODE ANN. § 409.002 (Vernon Supp. 2005) — 38

TEX. LABOR CODE ANN. § 409.003 (Vernon Supp. 2005)    25
TEX. LABOR CODE ANN. § 409.004 (Vernon Supp. 2005)    31, 33
TEX. LABOR CODE ANN. § 409.021 (Vernon Supp. 2000)    26
TEX. LABOR CODE ANN. § 409.021 (Vernon Supp. 2005)    26
TEX. LABOR CODE ANN. § 410.151 (Vernon Supp. 2005)    32, 33
TEX. LABOR CODE ANN. § 410.258(a) (Vernon Supp. 2005)    14, 23
TEX. LABOR CODE ANN. § 410.302 (Vernon Supp. 2005)    37, 39
TEX. LABOR CODE ANN. § 410.302(b) (Vernon Supp. 2005)    39
TEX. R. APP. P. 34.5    18

TEX. LAB. CODE §408.221    1, 2, 3, 4, 5, 6, 13, 17

TEX. GOV'T CODE §311.9011(a)    4

TEX. LAB. CODE §410.032    5

TEX. LAB. CODE §408.147    5

TEX. LAB. CODE §410.252    6, 7

TEX. LAB. CODE §410.303    6

TEX. LAB. CODE §410.205    6, 8

TEX. LAB. CODE §409.021(c)    8

28 U.S.C § 1988    15

MISCELLANEOUS AUTHORITIES    25

Hardberger, Texas Workers' Compensation: A Ten Year Survey - Strengths, Weaknesses, and Recommendations, 32 St. Mary's L.J.1 (2000)    11

H.R. Rep. N o.94-1588, p 7 (1976)    15

S. Rep. No. 94-1011,p 5 (1976)    14

Tex. Workers' Comp. Comm'n, Appeal No. 023066, 2003 WL 24046487 (Jan. 15, 2003)    30

Tex. Workers' Comp. Comm'n, Appeal No. 031719, 2003 WL 22293520 (Aug. 11, 2003)    30, 34

*viii Tex. Workers' Comp. Comm'n, Appeal No. 033278, 2004 WL 3315974 (Feb. 12, 2004)    33

Tex. Workers' Comp. Comm'n, Appeal No. 040256, 2004 WL 1240313 (March 29, 2004)    30

Tex. Workers' Comp. Comm'n, Appeal No. 040800, 2004 WL 1947133 (June 1,2004)    29

Tex. Workers' Comp. Comm'n, Appeal No. 041065, 2004 WL 2147900 (June 28, 2004)    29

Tex. Workers' Comp. Comm'n, Appeal No. 041830, 2004 WL 2850832 (Sept. 13, 2004)    35

Titile 28 part 2 charpter 130 subchapter B Rule SS130;101 Definition of SIBb  IMPAIRMENT AND SUPPLEMENTAL INCOME BENEFITS /

SUPPLEMENTAL INCOME BEN[1]

| CHAPTER 141 | DISPUTE RESOLUTION --BENEFIT REVIEW CONFERENCE |
| --- | --- |
| RULE §141.4 | Sending and Exchanging Pertinent Information |

will not retain the pertinent information received for the BRC after the parties:

  (1) reach an agreement on the issues;

  (2) set unresolved issues for a contested case hearing; or

  (3) fail to reschedule a second benefit review conference within at least 90 days after the first benefit review conference.

(i) Effective date. The effective date of this section is October 1, 2010. (a) As used in this chapter "pertinent information" means all information benefit review conference, or not later than five days before an expedited conference set under §141.1(d)(2) of this title (relating to Requesting and Setting a Benefit Review Conference):

  (1) all pertinent information in the parties' possession not previously sent to the division shall be sent to the division; and

  (2) all pertinent information in the parties' possession not previously exchanged must be sent to the other parties.

(f) Additional pertinent information that becomes available thereafter shall be brought to the conference in sufficient copies for the division and opposing party or parties.

(g) The benefit review officer may schedule a second conference upon a determination that pertinent information necessary to resolve the dispute has not been submitted or exchanged. No more than two benefit review conferences may be scheduled for each disputed issue.

(h) The division relevant to the resolution of the disputed issue or issues to be addressed at the

benefit review conference, including but not limited to:
  (1) reports regarding the compensable injury;
  (2) the injured employee's wage records; and
  (3) the injured employee's benefit review conference.
(e) Not later than 14 days before the
medical records.
(b) Examples of "pertinent information" are listed on the division's website.
(c) All pertinent information, as described in subsections (a) and (b) of this section, not previously exchanged, in the possession of the party requesting a benefit review conference must be sent to the opposing party or parties before the time the request for a benefit review conference is sent to the division.
(d) The opposing party must send all pertinent information in its possession, not previously exchanged, to the requesting party and other parties within 10 working days after receiving a copy of the request for a BRC.

# Texas Administrative Code

| TITLE 28 | INSURANCE |
| --- | --- |
| PART 2 | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| CHAPTER 141 | DISPUTE RESOLUTION--BENEFIT REVIEW CONFERENCE |
| RULE §141.4 | Sending and Exchanging Pertinent Information |

(a) As used in this chapter "pertinent information" means all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to:
  (1) reports regarding the compensable injury;
  (2) the injured employee's wage records; and
  (3) the injured employee's medical records.
(b) Examples of "pertinent information" are listed on the division's website.
(c) All pertinent information, as described in subsections (a) and (b) of this section, not previously exchanged, in the possession of the party requesting a benefit review conference must be sent to the opposing party or parties before the time the request for a benefit review conference is sent to the division.
(d) The opposing party must send all pertinent information in its possession, not previously

exchanged, to the requesting party and other parties within 10 working days after receiving a copy of the request for a benefit review conference.

(e) Not later than 14 days before the benefit review conference, or not later than five days before an expedited conference set under §141.1(d)(2) of this title (relating to Requesting and Setting a Benefit Review Conference):

  (1) all pertinent information in the parties' possession not previously sent to the division shall be sent to the division; and

  (2) all pertinent information in the parties' possession not previously exchanged must be sent to the other parties.

(f) Additional pertinent information that becomes available thereafter shall be brought to the conference in sufficient copies for the division and opposing party or parties.

(g) The benefit review officer may schedule a second conference upon a determination that pertinent information necessary to resolve the dispute has not been submitted or exchanged. No more than two benefit review conferences may be scheduled for each disputed issue.

(h) The division will not retain the pertinent information received for the BRC after the parties:

  (1) reach an agreement on the issues;

  (2) set unresolved issues for a contested case hearing; or

  (3) fail to reschedule a second benefit review conference within at least 90 days after the first benefit review conference.

(i) Effective date. The effective date of this section is October 1, 2010.

---

**Source Note:** The provisions of this §141.4 adopted to be effective June 7, 1991, 16 TexReg 2876; amended to be effective October 1, 2010, 35 TexReg 7430

<<Prev Rule     **Texas Administrative Code**     Next Rule>>

| | |
|---|---|
| TITLE 28 | INSURANCE |
| PART 2 | TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION |
| CHAPTER 130 | IMPAIRMENT AND SUPPLEMENTAL INCOME BENEFITS |
| SUBCHAPTER B | SUPPLEMENTAL INCOME BENEFITS |
| RULE §130.101 | Definitions |

---

The following words and terms, when used in this chapter, shall have the following meanings, unless the context clearly indicates otherwise.

  (1) Application for Supplemental Income Benefits--The Division form required pursuant to Labor Code §408.143(b) containing the following information:

    (A) a statement, with supporting payroll documentation, that the employee has earned less than 80% of the employee's average weekly wage as a direct result of the impairment from the compensable injury;

    (B) the amount of the employee's wages during the qualifying period;

    (C) a statement, with supporting documentation, that the employee has complied with Labor Code §408.1415 and this subchapter; and

(D) for self-employed individuals, copies of all supporting documentation to establish the amount of self-employment income earned during the qualifying period and any other pertinent documentation of efforts to establish or maintain a self-employed enterprise during the qualifying period.

(2) First Quarter--The 13 weeks beginning on the day after the last day of the impairment income benefits period.

(3) Impairment income benefits period--The number of weeks computed under Labor Code §408.121 for which the injured employee is entitled to receive impairment income benefits, starting with the day after the date the employee reached maximum medical improvement.

(4) Qualifying period--A period of time for which the employee's activities and wages are reviewed to determine eligibility for supplemental income benefits. The qualifying period ends on the 14th day before the beginning date of the quarter and consists of the 13 previous consecutive weeks. In accordance with §130.100(a) of this title (relating to Applicability), a qualifying period that begins on or after July 1, 2009, is subject to the provisions of this subchapter, and a qualifying period that begins prior to July 1, 2009, remains subject to the rules in effect on the date the qualifying period begins.

(5) Reviewing authority--The person who reviews the Application for Supplemental Income Benefits and other information to make the determination of entitlement or non-entitlement to supplemental income benefits including Division staff for the first quarter determination and the insurance adjuster for subsequent quarter determinations.

(6) Subsequent Quarter--A 13-week period beginning on the day after the last day of a previous quarter. The term subsequent quarter applies to all quarters after the first quarter.

(7) Vocational Rehabilitation Services--Services which can reasonably be expected to benefit the employee in terms of employability including, but not limited to, identification of the employee's physical and vocational abilities, training, physical or mental restoration, vocational assessment, transferable skills assessment, development of and modifications to an individualized vocational rehabilitation plan, or other services necessary to enable an injured employee to become employed in an occupation that is reasonably consistent with his or her strengths, physical abilities including ability to travel, educational abilities, interest, and pre-injury income level.

(8) Vocational rehabilitation program--Any program, provided by the Texas Department of Assistive and Rehabilitative Services (DARS), a comparable federally-funded rehabilitation program in another state under the Rehabilitation Act of 1973, as amended, or a private provider of vocational rehabilitation services that is included in the Registry of Private Providers of Vocational Rehabilitation Services, for the provision of vocational rehabilitation services designed to assist the injured employee to return to work that includes a vocational rehabilitation plan. A vocational rehabilitation plan, also known as an Individual Plan for Employment at DARS, includes, at a minimum, an employment goal, any intermediate goals, a description of the services to be provided or arranged, the start and end dates of the described services, and the injured employee's responsibilities for the successful completion of the plan.

(9) Wages--All forms of remuneration payable for personal services rendered during the qualifying period as defined in Labor Code §401.011(43), including the wages of a bona fide offer of employment which was not accepted.

**Source Note:** The provisions of this §130.101 adopted to be effective January 31, 1999, 24 TexReg 399; amended to be effective November 28, 1999, 24 TexReg 10339; amended to be

effective July 1, 2009, 34 TexReg 2138

**\*ix REFERENCE CITATION GUIDE**

**The Parties**

This Brief may refer to the parties as follows:

| | |
|---|---|
| Plaintiff | " Patterson" |
| Defendant Transcontinental Ins. Co. and Third Party Administration | "TIC" |
| Texas **Division of Workers Compensation** | "DWC" |

**The Record on Appeal**

This Brief will refer to the record as follows:

| | |
|---|---|
| Clerk's Record | "CR " |
| Transcontinental Ins. Co. Brief of Appellant | "Trans Br." |
| Transcontinental Ins. Co. Motion to Dismiss for Lack of Evidence | "Motion to Dismiss" |
| Plaintiffs Response to Transcontinental Ins. Co. Motion to Dismiss for Lack of Evidence | "Patterson's Response" |

**\*x TO THE HONORABLE JUSTICES OF THE FIRST DISTRICT COURT OF APPEALS:**

Appellant Andrew Patterson (Patterson") submits this Brief. Respectfully requesting that this Court over turn the trial court's order granting summary judgment in TICs favor and upholding the Contested Case Hearing Officer's conclusion that Patterson had filed SIBS application timely and that the ICO failed to file notice with DWC to dispute SIBS entitlement.  Those 10 days or more had passed and that TIC had accepted liability for SIBS that had been filed.  That the statements of not having received notice of SIBS application, nor request for medical reimbursements nor had they ever given medical care for mental health is an attempt to deny coverage of  benefits and there by asking the Court to approve of their potential criminal action under Labor Code…. TIC also failed to pay CCH order and obtained an Interlocutory Order denying payment.  However in 2007 the Legislatures changed how Interlocutory Orders were to be used by TDI.  In that they are to be used to approve for benefits and not to be used to deny benefits.  The rules on CCH procedures state that an Interlocutory Order is to be used to approve benefits and no indication that the Interlocutory Order was to be used to deny benefits.

SIBS Order CCH
Statutory construction is a question of law, which is reviewed de novo. Johnson v. City of Fort Worth, 774 S.W. 2d 563 (Tex. 1989). The goal of statutory construction is to give effect to legislative intent.

Kroger Co. v. Keng.23 S.W.3d 347, 349 (Tex.2000); Texas Water Comm'n v. Brushy Creek Mun.Util. Dist., 917 S.W.2d 19, 21 (Tex. 1996); Monsanto Co. v. Cornerstones Mun.Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993). Unless a statute is ambiguous, the court discerns that intent from the language of the statute itself. See Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999); Republic Bank Dallas v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985); see also Tex. Gov't Code §311.9011(a) (""Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Further, courts should consider a statute as a whole, not its provisions in isolation. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001); Fitzgerald, 996 S.W.2d at 866.

The plain language of Section 410.258 specifies that "the party who *initiated a proceeding ...* must file *any* proposed judgment" with the TWCC at least thirty days prior to entry of the judgment. TEX. LABOR CODE ANN. § 410.258(a) (Vernon Supp. 2005) (emphasis added). A judgment that fails to comply with Section 410.258 is not merely voidable, *but is void. Id.* § 410.258(f). *See Orosco,* 170 S.W.3d at 135 (noting that the "plain language of section 410.258(f) prohibits the trial court from rendering a judgment that does not comply with section 410.258").

Patterson initiated this lawsuit. Although TIC was the prevailing party, TIC chose to tender its own form of proposed judgment to the trial court. However, TIC did not file a copy of its proposed final judgment with the TWCC or DWC. Because TIC failed to comply with Section 410.258(a) of the Texas Labor Code, the trial court's final judgment in this case is void. *See Martinez,* 18 S.W.3d at 847-48. Absent a valid final judgment, this Court lacks appellate jurisdiction. Accordingly, this Court should set aside the trial court's judgment and find on behalf of Patterson's appeal.

*xi STATEMENT OF THE CASE *Transcontinental Ins. Co. continued to state that they never received the SIBS application and continued with this statement even after Jesus Ortiz informed the CCH Officer that he had faxed over the SIBS application and had also sent the application by certified mail. This happen before the dispute process began.*

*Nature of the Case:* This case is a judicial review of a decision of the Appeals Panel of the Texas Division of Worker's Compensation ("TDWC"). Patterson filed this case requesting that the trial court set aside the decision of the Appeals Panel and hold that TIC had failed to file BRC request when they had received Patterson's Supplemental Income Benefits ("SIBS") lost the right to dispute Patterson entitlement to SIBS, medical reimbursement and mental care for mental health

for benefits Patterson as a result of his accident of July 22, 2202. A copy of the Appeals Panel's decision is attached to this brief as Exhibit A. *Trial Court:* The Honorable Gomez, 159th Judicial District Court, and Harris County, Texas. *Trial Court's Disposition:* On January 26, 2015, the trial court signed an order granting summary judgment in favor of TIO. A copy of the order is part of CR. *Course of Proceedings:* After granting summary judgment in TIO's favor, the trial court on January 26, 2015. TIC did not file a copy of its proposed final judgment with the TDWC as required by statute. A copy of the signed final judgment is part of the CR.

*ii II. THE TRIAL COURT ERRORED IN GRANTED SUMMARY JUDGMENT IN TRANSCONTINENAL INS. CO. FAVOR BECAUSE NO DISPUTE WAS FILED BY TRANCONTINENTAL INS. CO. In regards to documents submitted to the COURT and the Judge argued on behalf of the Defendant as to why the documents would not be admitted into evidence. The Defendants never disputed the documents as not being theirs and allowed the Judge to argue on their behalf. The TIC had not provided any evidence during the discovery period and the Court allowed the TIC to with hold any discovery and allowed TIC to file for Summary Motion No Evidence. The Court knew that the Documents could be enter into evidence during the cross examination of the Defendants witnesses and that the TIC did not comply with exchange of evidence during the Dispute Process.

A. *The Case Hearings Officer found that TIC failed to dispute SIBS application within the time required by Statute and their by accepted SIBS application for the time cover by the SIBS application. The Appeals Panel of the TWCC failed to review the evidence and that the Defendants had failed to tell the truth in regards to receiving SIBS application and that TIC acted improperly filing SIBS while the prior quarter of SIBS was under dispute. That only the Plaintiff may file SIBS application in which TIC would have to respond. This did not happen nor did TIC file SIBS application timely with Patterson there by voiding the timely filing of SIBS with Patterson.*

C. TIC never raised any defenses during the BRC or CCH other than they never received SIBS application, request for medical reimbursement nor had they provided any mental health care.

That TIC intentionally with held evidenced during the Dispute process (RULE §141.4) which allowed the Appeal Panel to render its decisions. That the Appeal decision was wrong and that SIBS was due as their decision dealt with a claim by TIC that it had filed to dispute during prior period in which action was to be taken while the prior quarter was being resolved. As the case was in Court, TIC filed two applications for SIBs (not timely filed and incompletely completed as required) and no action was taken. Claiming that they should receive some consideration. TIC should have never filed the TIBS application due to the time in which the prior SIBS quarter was being disputed. No action was taken by TDI/DWC. TIC never filed SIBS applications to Patterson on timely bases as required by Statute.

Pursuant to Rule 38.2(a) of the Texas Rules of Appellate Procedure, Patterson objects to TIC's characterization of the issues presented in during the dispute process and during District Court, affirming their continued denial of benefits and having received request for medical reimbursement but lost the documents and SIBS applications , that they had complied with TDWC rules in providing a complete file and that they never provided mental health care, request for medical reimbursement nor had they received SIBS application that are in dispute.. Patterson identifies the following issues in this appeal; such evidence was with held by TIC.

1. Did the trial court correctly grant summary judgment in TIC's favor and uphold the decision of the Appeals Panel of the TDWC in light of the fact that TIC did not comply with Dispute Process by withholding evidence on the issues, withheld information in regards to receiving the SIBS applications and failing to raise any defenses at the Benefit Review Conference and Contested Case Hearing and maintain position that they never received SIBS applications, request for medical reimbursement nor had they provided any mental health care in accordance with Section 409.021(a) of the Texas Labor Code?  The Court was aware of a material witness, Jesus Ortiz whose deposition was being sought and in which Texas Attorney General had filed a Motion to Quash.

2. Did the Appeals Panel of the DWC properly consider whether TIO notice that the two SIBS applications that had been filed (where filed not timely within the period required by statute) were filed during prior where the prior quarter of SIBS was being disputed. That the SIBS application was not sent to Patterson with the form completed as required by Statute.  That Patterson and Jesus Ortiz (Ombudsman) had to complete the forms before returning them to TIC.  That TIC failed to file SIBS application with Patterson after the prior quarter of SIBS had been resolved.

3. Did the trial court allow for proper discovery?  Judge had directed the Defendants to provide a copy of the initial response to discovery.  The Defendants promised on several occasions to provide a copy of their initial response to discovery.  Judge stated what else could he do while approving the Defendants motion for Summary Judgment No Evidence.  Judge disregarded the CCH decision on SIBS for the quarters in dispute.  That evidence had been submitted at the CCH which contradicted the Defendants position that they had not received SIBS application.  Jesus Ortiz stated that he had faxed over the SIBS applications to TIC, called them to verify they had received the SIBS application; received confirmation they had and then later on mailed the SIBS applications to the Defendants (which was done before BRC was even set up).  This contradicted the Defendants statements that they had never received SIBS application (also withholding evidence) which TIC has continued to maintain during hearing before trial court.  Also the Appeal Panel failed to note that the Defendant did not raise any defenses during BRC or CCH.

Rule 38.2(b) of the Texas Rules of Appellate Procedure,

That subpoena had been issued to Jesus Ortiz in which the Texas Attorney General filed notice to quash. Jesus Ortiz is a material witness and Judge Gomez did not rule on the motion to quash.

4. Does this Court lack appellate jurisdiction over this case when the Defendants did not comply with the CCH order. Defendants obtained Interlocutory Order to deny benefits, which was signed by the CCH officer after her decision was final in that TIC was prohibited from disputing entitlement to SIBS per CCH Order. Tithe trial court signed a proposed form of final judgment that TIC tendered to the trial court without first filing a copy of the proposed final judgment with the Texas **Workers**' **Compensation** Commission in accordance with the procedure in Section 410.258(a) of the Texas Labor Code? This was confirmed by Patterson with DWC on 11/7/2015.

**\*1 STATEMENT OF FACTS**

Brewster objects to the Statement of Facts in Defendant's statements before DWC and Trial Court that they never received a request for medical reimbursement or if they had they lost the document. TIC never provided mental health care to Patterson nor had they received any application for SIBS benefits. Patterson offers the following Statement of Facts:

**I. The Injuries**

On July 22, 2002, Patterson sustained compensable injuries while at work. He fell down of flight of steel stairs. Patterson sustained injuries to his back and knees. He had surgery to his knees, cervical region (fusion and plates) and would require additional surgery at a later date to his back. Patterson has continuous pain and takes medication daily. That prior to having spinal surgery TIC contacted Patterson that they would pay for over the counter medication and nothing else. Patterson continued with his medication. Once spinal surgery was done, he submitted his request to TIC for medical reimbursement, which TIC ignored. Patterson attempted to file a dispute with Medical Review section of DWC. Since the medical charges were over year old they could not address the issue. It has taken Patterson from that point (2005) to now to have DWC address the issues during dispute process.

**II. The Worker's Compensation Claims**

TIC has from day one to use any means to dispute benefits to Patterson. Use of medical reviews to limit medical care, use of physicians to deny the need for surgery. This continued until TIC changed medical service provider who did review for TIC. TIC chose an Orthopedic Surgeon who states that surgery was necessary. Initially the Adjuster denied surgery but then allowed for surgery and complied with the statutes pertaining to Spinal Surgery medical procedures.

Patterson conferred with Texas Department of Rehabilitation (DAR) and due to his injuries and restrictions DAR was not able to provide Patterson with any service. Patterson then paid for course to become a teacher as he might be able to do this with in the restrictions. The Carrier disputed 2nd through 4th quarter of benefits. The dispute process and Trial Court denied benefits. After filing a motion for the Court reconsider their ruling, Patterson obtained SIBS application from TDI/DWC and

filed SIBS application with TIC. There was no response and Patterson filed the SIBS application again and still nothing. He contacted Jesus Ortiz (Office of Injured Employee Council) who helps Patterson. Ortiz directed Mr. Patterson to send the SIBS application once more. Patterson agreed so long as Ortiz would fax over the SIBS application to TIC and contact them to verify they did receive the SIBS application. There was no response from TIC at which point Ortiz agreed to file a request for BRC to start the Dispute

*11 SUMMARY OF ARGUMENT

Both the Case Hearing Officer and the Appeals Panel differ in that CCH found Patterson was due TIBS due to TIC failure to file a request for BRC to dispute entitle to SIBS. No evidence was presented to confirm medical reimbursement and medical care for mental health. TIC obtained Interlocutory Order to Order to pay SIBS benefits. Which there are no grounds to issue an Interlocutory order to deny benefits. Interlocutory Order can only be used to pay for benefits (medical and indemnity). TIC refused to pay for SIBs benefits while the finding that SIBS benefits are due and the carrier waived the right to dispute entitlement to SIBS. TIC disregarded this statute and raised defenses to dispute entitlement to SIBS as Order by CCH Officer.

Section 408.147(b) provides as follows:b.If an insurance carrier fails to make a request for a [BRC] within 10 days after the date of the expiration of the impairment income benefit period or within 10 days a After receipt of the employee's statement, the insurance carrier Waives the right to contest entitlement to [SIBs] and the amount Of [SIBs] for that period of [SIBs]. 28 TEX. ADMIN. CODE § 13 0.108(d) and (e) (Rule 130. 108(d) and (e)) provide as follows: d. Insurance Carrier Dispute; Subsequent Quarter With Prior Payment. If an insurance carrier disputes en titlement to a subsequent quarter and the insurance carrier has paid [SIBs] during the quarter Immediately preceding the quarter for which the Application for [SIBs] is filed, the carrier shall dispute entitlement to the subsequent Quarter by requesting a [BRC] as provided by §141.1 of this title (Relating to Requesting and Setting a [BRC]) within 10 days after Receiving the Application for [SIBs]. A carrier waives the right to Contest the entitlement to [SIBs] for the subsequent quarter if the Request is not received by the [Division] within 10 days after the date the insurance carrier received the Application for [SIBs]. The insurance carrier does not waive the right to contest entitlement to

[SIBs] if the carrier has returned the injured employee's Application for [SIBs] pursuant to §130.104(c) of this title (relating to determination of Entitlement or Non-entitlement for Subsequent Quarters). e. Insurance Carrier Disputes; Subsequent Quarter Without Prior Payment. If an insurance carrier disputes entitlement to a subsequent quarter and the carrier did not pay [SIBs] during the quarter immediately preceding the quarter for which the Application for [SIBs] is filed, the carrier shall send the determination to the injured employee within 10 days of the date the form was filed with The insurance carrier and include the reasons for the carrier's finding 080242r.doc 2 of non-entitlement and instruct ions about the procedures for contesting the carrier's determination as provided by subsection (b) Of this section. In Appeals Panel Decision (APD) 032868-s , decided December 11, 2003, the Appeals Panel stated that "the 1989 Act and rules contain no specific provisions relating to the factual situation where the immediately preceding quarter is actively under dispute at the time the carrier receives the [DWC-52] for the subsequent quarter." At issue in APD 032868-s, supra, was whether the carrier had waived its right to contest entitlement to fourth and sixth quarter SIBs by not filing BRC requests to dispute those quarters, although it had not paid third and fifth quarter SIBs . The Appeals Panel noted that "the proper approach, when the rule does not fit the factual situation is to return to the statutory provision in the 1989 Act-Section 408.147(b)." In APD 032868-s, supra, the Appeals Panel held that "when the issue of entitlement to the prior quarter of SIBs is ongoing and the claimant submits a [DWC-52] for the subsequent quarter, the carrier must timely request a BRC if it wishes to dispute the subsequent quarter, and failure to do so results in waiver as provided in Section 408.147(b)." Subsequent Appeals Panel decisions have cited APD 032868-s, supra, for the proposition that where the immediately preceding quarter is "actively y under dispute" at the time the carrier receives the DWC-52, the carrier must comply with the provisions of Section 408.147(b). APD 041362, decided July 27, 2004; APD 041726, decided September 2, 2004.

*Transcontinental Ins. Co. continued to state that they never received the SIBS application and continued with this statement even after Jesus Ortiz informed the CCH Officer that he had faxed over the SIBS application and had also sent the application by certified mail. This happen before the dispute process began.*

The trial court's judgment, however, is void. TIC failed to comply with the mandatory requirement that it file a copy of its proposed judgment with the TWCC at least thirty days before entry of judgment. Because this Court may not exercise appellate jurisdiction over a void judgment, the Court should set aside the trial court's final judgment and dismiss TIC's appeal.

If this Court does not set aside the trial court's judgment for lack of jurisdiction, then it should affirm the CCH Order and remand the Medical and Reimbursement issues to the lower Court.

**STANDARD OF REVIEW**

The standard for reviewing a summary judgment is de novo. *See Provident Life & Accident Co. v. Knott,* 128 S.W.3d 211,215 (Tex. 2003). This Court should review all of the evidence and "render such judgment as the trial court should have rendered." *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997). This Court may affirm the trial court's summary judgment if it agrees that TIC was entitled to judgment as a matter of law. Conversely, this Court may reverse and remand the case if it finds that material fact issues should have precluded the trial court from granting either TIC motions. *See Calhoun v. Killian,* 888 S.W.2d 51, 54 (Tex. App.-Tyler 1994, writ denied). Southern itself urged the trial court to resolve this case by answering a single question as a matter of law:

**ARGUMENT**

TIC denied repeatedly that they never received SIBS applications, requests for medical reimbursement nor had they provided medical care for mental health. They continue to assert no defenses during the BRC or CCH only stating they knew nothing of the issues. They neither provided documents as required by the Dispute Process and have not provided a copy of their initial response on Discovery. When directed by the Court to supply Patterson so that enforcement Motion could be filed, Patterson was told several times by the Defendants they would provide a copy which they never did. TIC has gamed the Court and has requested the Courts assistance to deny benefits to Patterson. There by seeking a legal excuse to deny benefits and an attempt to void the Criminal Charge and perhaps Criminal trial by doing

**I. This Court Lacks Appellate Jurisdiction Because TIC Failed to Comply With Section 410.258(a) of the Texas Labor Code**

Because jurisdiction is a fundamental prerequisite for the exercise of judicial power, an appellate court may not presume that it has jurisdiction to entertain an appeal. *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex. App.-Corpus Christi 1991, writ denied). An appellate court must inquire into the basis for its jurisdiction even if the parties themselves do not timely raise the issue. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677,679 (Tex. 1990); *White v. Schiwetz,* 793 S.W.2d 278,281 (Tex. App.-Corpus Christi 1990, no writ). The parties to an appeal cannot "waive" a defect in appellate jurisdiction. *See Walker v. Cleere,* 174 S.W.2d 956, 958 (Tex. 1943) (recognizing that jurisdictional requirements "cannot be waived").

TIC initiated the present action under Subchapter F of the Texas Labor Code. Section 410.258(a) in Subchapter F of the Texas Labor Code provides that "[Subchapter G must *file any proposed judgment* or settlement made by the parties to the proceeding, including a proposed default judgment, with the division [the TWCC or the Division of **Workers' Compensation** of the Texas Department of Insurance] not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement." TEX. LABOR CODE ANN. § 410.258(a) (Vernon Supp. 2005) (emphasis added). "A judgment entered or settlement *15 approved without complying with the requirements of this section *is void."* Id. § 410.258(f) (emphasis added). *See Albertson's Inc. v. Sinclair,* 984 S.W.2d 958, 962 (Tex. 1999). Compliance with Section 410.258(a) is mandatory and jurisdictional. *See Casillas v. State Office of Risk Mgmt.,* 146 S.W.3d 735, 738 (Tex. App.-El Paso 2004, no pet.); *Insurance Co. of State of Pa. v. Martinez,* 18 S.W.3d 844, 846 (Tex. App.-E*l* Paso 2000, no pet. h.); *Graham Gen. Hosp. v. Phillips,* No. 2-03-231-CV, 2003 WL 22251455, *1 (Tex. App.-Fort Worth Oct. 2, 2003, no pet. h.) (not designated for publication). An appellate court has no jurisdiction to entertain an appeal from a void judgment. *See Villalon v. Bank One,* 176 S.W.3d 66, 69 (Tex. App.-Houston [1st Dist.] 2004, pet. denied); *Bird v. Kornman,* 152 S.W.3d 154,160 (Tex. App.-Dallas 2004, pet. denied); *Martinez,* 18 S.W.3d at 846. In that situation, the court "may only set aside the void judgment and dismiss the appeal." *Casillas,* 146 S.W.3d at 738.

*Martinez* is precisely on point. The plaintiff in *Martinez* filed an action protesting a ruling of the TWCC Appeals Panel. The trial court granted summary judgment in favor of the defendant and entered a final judgment remanding the case to the TWCC. *Martinez, 18* S.W.3d at 846. The TWCC, however, "was not given notice of the trial court's intent to enter judgment, nor was it provided with a copy of the proposed judgment." *Id.* The El Paso Court of Appeals noted that the purpose of Section 410.258(a) was to give the TWCC an opportunity to intervene in an action, if necessary, "to explain why a judgment or settlement should not be approved by a court." *Id.* at 847-48. Because the plaintiff had not given the *16 TWCC that opportunity, the court in *Martinez* concluded that it had to declare the trial court's judgment "void, set it aside, and dismiss the appeal." *Id.* at 848.

Likewise, TIC here has failed to comply with its obligations under Section 410.258(a) of the Texas Labor Code. Effective September 1, 2005, the former operations of the TWCC are now the

responsibility of the Texas Department of Insurance Division of **Workers**' **Compensation** ("DWC"). TEX. LABOR CODE ANN. § 402.001(b) (Vernon Supp. 2005).[7] Pursuant to Rule 803(10) and Rule 902 of the Texas Rules of Evidence, the DWC has confirmed that a diligent search of the records of the DWC "failed to disclose any records whatsoever as requested, specifically: A Proposed Judgment filed in accordance with Texas Labor Code Sec. 410.258, reflecting the judgment rendered in the District Court case styled, *'Andrew Patterson v. Transcontinental Insurance Company,'*; 159nd District Court, Harris County, Texas.

Besides the fact that jurisdictional defects cannot be waived, the Texas Government Code expressly permits this Court to consider affidavits (which will be supplemented later) and other evidence-even outside the trial court's record-to determine whether it may exercise jurisdiction over an appeal. TEX. GOV'T CODE ANN. § 22.220(c) (Vernon Supp. 2005). *See Casillas,* 146 S.W.3d 739 n. 1; *Mellon Serv. Co. v. Touche Ross & Co.,* 946 S.W.2d 862, 864 (Tex. App.-Houston [14th Dist.] 1997, no writ). Patterson has offered the evidence/documents records confirming that TIC failed to comply with Dispute Process.
.
The decision in *Casillas* is not to the contrary. In *Casillas,* the defendant offered no affidavits to support its argument that the plaintiff failed to comply with Section 410.258(a). TICS never offer an affidavit with their motion.

**B.** *The Recitals in the Trial Court's Final Judgment Do Not Excuse TIC's Failure to Comply With Section 410.258(a)*

*Rosco* and *Davilla,* however, merely hold that a judgment in a **workers**' **compensation** case need not actually recite that the prevailing party served a copy of the judgment on the TWCC. *Insurance Co. of the State of Pa. v. Orosco,* 170 S.W.3d 129, 135 (Tex. App.-San Antonio 2005, no pet. h.); *Continental Cas. Co. v. Davilla,* 139 S.W.3d 374, 381 (Tex. App.-Fort Worth 2004, pet. denied).[8] Nothing in *Orosco* or *Davilla* suggests that if a judgment contains such a recital, the recital is binding and conclusive even in the absence of evidence to the contrary.

In fact, the recitations in a judgment are *not* conclusive. This Court may presume that the recitations in a judgment are valid *only* in the absence of any controverting evidence. *See Casillas,* 146 S.W.3d at 738;*see also* \*20 *In re E. V.* No. 08-04-00364-CV, 2006 WL 250488, \*2 (Tex. App.-El Paso Feb. 2, 2006, no pet. h.) ("We may presume the regularity of recitations like this in judgments ....However; we will only presume this regularity where the record is absent any controverting material."). The certification of the DWC's controverts the recitation in the trial court's judgment that TIC served a copy of the judgment on the TWCC more than thirty days before the trial court entered the judgment.

*Per TDI/DWC Barbara Voloto, TIC had not filed the Courts Judgment nor had TIC filed 30 days prior their Motion and Order.*

**C. *TIC Speculation that Its Counsel Must Have Filed a Copy of Its Proposed Judgment With the TWCC is No Evidence of Compliance With Section 410.258(a)***

Contrary to the certification of the DWC's custodian of records, TIC may argue that the TWCC must have received a copy of TICs proposed judgment. To support its argument, Southern offers the verification of its counsel "that the act was complied with to the best of his knowledge and the judgment was mailed properly to the Texas **Workers**' **Compensation** Commission, as such would be in compliance with the firm's policy regarding any proposed judgments." *Id.* Curiously, TIC may blame TWCC for the absence of any records showing that TIC filed its proposed judgment.

**D. *Southern May Not Avoid Its Duty to Comply With Section 410.258(a) By Seeking to Rely on Patterson's Efforts to Comply With the Statute***

TIC may not complain that its failure to comply with Section 410.258(a) is harmless error because. The plain language of Section 410.258 specifies that "the party who *initiated a proceeding ...* must file *any* proposed judgment" with the TWCC at least thirty days prior to entry of the judgment. TEX. LABOR CODE ANN. § 410.258(a) (Vernon Supp. 2005) (emphasis added). A judgment that fails to comply with Section 410.258 is not merely voidable, *but is void. Id.* § 410.258(f). *See Orosco,* 170 S.W.3d at 135 (noting that the "plain language of section 410.258(f) prohibits the trial court from rendering a judgment that does not comply with section 410.258").

Although TIC was the prevailing party, TIC chose to tender its own form of proposed judgment to the trial court. However, TIC did not file a copy of its proposed final judgment with the TWCC or DWC. TIC's proposed judgment. Because Southern failed to comply with Section 410.258(a) of the Texas Labor Code, the trial court's final judgment in this case is void. *See Martinez,* 18 S.W.3d at 847-48. Absent a valid final judgment, this Court lacks appellate jurisdiction.

**\*24 II. The Trial Court Incorrectly Granted Summary Judgment in TIC's Favor Because It allowed TIC to with hold evidence, that the Appeal Panel had error in their findings and that TIC did not comply with CCH Order.**

. Generally, unless a statute is ambiguous, the Court should give effect to the plain meaning of the terms of the statute. *See Continental Cas. Co. v. Downs,* 81 S.W.3d 803, 805 (Tex. 2002); *National Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex. 1989). "[A]n administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not

contradict the plain language of the statute." *Zurich Am. Ins. Co. v. Gill,* 173 S.W.3d 878, 882 (Tex. App.-Fort Worth 2005, pet. filed).

**\*25 A. *TIC Did Not Contest Patterson's Notice of SIBS Applications in Accordance With***


**CONCLUSION**

Patterson respectfully requests that this Court declare the trial court's final judgment to be void, set aside the trial court's final judgment, for want of jurisdiction, without prejudice TIC has not submitted to the DWC for its approval in accordance with Section 410.258(f) of the Texas Labor Code. Alternatively, in the event that this Court reaches the substantive merits of this appeal, Patterson respectfully requests that the Court affirm CCH Order and remand the two remaining issues to the Trial Court for adjudication.

Statutory construction is a question of law, which is reviewed de novo. Johnson v. City of Fort Worth, 774 S.W. 2d 563 (Tex. 1989). The goal of statutory construction is to give effect to legislative intent. Kroger Co. v. Keng.23 S.W.3d 347, 349 (Tex.2000); Texas Water Comm'n v. Brushy Creek Mun.Util. Dist., 917 S.W.2d 19, 21 (Tex. 1996); Monsanto Co. v. Cornerstones Mun.Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993). Unless a statute is ambiguous, the court discerns that intent from the language of the statute itself. See Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999); RepublicBank Dallas v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985); see also Tex. Gov't Code §311.9011(a) ("''Words and phrases shall be read in context and construed according to the rules of grammar and common usage.''). Further, courts should consider a statute as a whole, not its provisions in isolation. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001); Fitzgerald, 996 S.W.2d at 866.

interpretation of the judicial review as an appeal, which mandates the payment of attorney's fees upon nonsuit.

\*13 TEX. LAB. CODE §408.221 was designed to see to it that the spirit and purpose of the TWCA was adhered to in district court. Texas courts should liberally construe workers' compensation legislation to carry out its evident purpose of compensating injured workers and their dependents. See Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999); Lujan v. Houston Gen. Ins. Co., 756 S.W.2d 295, 297 (Tex. 1988); Ward v. Charter Oak Fire Ins. Co., 579 S.W.2d 909, 910 (Tex.1979).

E. Courts have traditionally recognized the Defendant as the prevailing party in cases where the Plaintiff nonsuits its claims.

John D. Hagberg would still qualify as the prevailing party even if the general rule were that Defendants were not the prevailing party in original actions following nonsuits by the Plaintiff. See supra. However, many courts, including Texas courts have opined that the Defendant is, in fact, the prevailing or successful party following nonsuit by the Plaintiff.

In Bruce v. Knodell, 103 S.W. 433 (Tex.Civ.App. 1907), the court found that the plaintiff was entitled to recover his costs and attorney's fees against the Defendants in a suit on a forged land deed pursuant to Rule 131, Rules of Civil Procedure (Rev. St. 1895). However, the court noted that the Plaintiff was required to pay the costs and fees of one of the Defendants because he had nonsuited the Defendant prior to trial. Id. at 435. The court noted, ""The plaintiff, having dismissed his action against Stoddard, was properly adjudged to pay the costs as to him, for Stoddard was the successful party. But all other costs, including the $125 attorney's fee... should have been assessed against all the other defendants." (emphasis added) Id. at 435.

The Bruce case was also cited in Reed v. State, 78 S.W.2d 254 (Tex.Civ.App. - Austin 1935) for the general proposition that, when the plaintiff nonsuited, the defendant is the successful party. While the Reed case concerned the taxing of litigation costs and found an *14 exception to the general rule under limited circumstances, it confirmed the proposition that, when the Plaintiff nonsuits, the defendant is the successful party.

```
        Sec. 410.168.  DECISION.  (a)  The hearing officer shall issue a
written decision that includes:

            (1)  findings of fact and conclusions of law;

            (2)  a determination of whether benefits are due;  and

            (3)  an award of benefits due.

        (b)  The decision may address accrued benefits, future benefits, or
both accrued benefits and future benefits.

        (c)  The hearing officer may enter an interlocutory order for the
payment of all or part of medical benefits or income benefits.  The order may
address accrued benefits, future benefits, or both accrued benefits and
future benefits.  The order is binding during the pendency of an appeal to
the appeals panel.

        (d)  On a form that the commissioner by rule prescribes, the hearing
officer shall issue a separate written decision regarding attorney's fees and
any matter related to attorney's fees.  The decision regarding attorney's
fees and the form may not be made known to a jury in a judicial review of an
award, including an appeal.

        (e)  The commissioner by rule shall prescribe the times within which
the hearing officer must file the decisions with the division.

        (f)  The division shall send a copy of the decision to each party.



Acts 1993, 73rd Leg., ch. 269, Sec. 1, eff. Sept. 1, 1993.  Amended by Acts
1999, 76th Leg., ch. 955, Sec. 3, eff. Sept. 1, 1999.
```

Amended by:

Acts 2005, 79th Leg., Ch. 265 (H.B. 7), Sec. 3.190, eff. September 1, 2005.

Appeal panel

Sec. 410.204. DECISION. (a) The appeals panel shall review each request and issue a written decision on each reversed or remanded case. The appeals panel may issue a written decision on an affirmed case as described by Subsection (a-1). The decision must be in writing and shall be issued not later than the 45th day after the date on which the written response to the request for appeal is filed. The appeals panel shall file a copy of the decision with the commissioner.

(a-1) An appeals panel may only issue a written decision in a case in which the panel affirms the decision of a hearings officer if the case:

(1) is a case of first impression;

(2) involves a recent change in law; or

(3) involves errors at the contested case hearing that require correction but do not affect the outcome of the hearing, including:

(A) findings of fact for which insufficient evidence exists;

(B) incorrect conclusions of law;

(C) findings of fact or conclusions of law regarding matters that were not properly before the hearings officer; and

(D) legal errors not otherwise described by this subdivision.

(b) A copy of the decision of the appeals panel shall be sent to each party not later than the seventh day after the date the decision is filed with the division.

(c) If the appeals panel does not issue a decision in accordance with this section, the decision of the hearing officer becomes final and is the final decision of the appeals panel.

(d) Each final decision of the appeals panel shall conclude with a separate paragraph stating: "The true corporate name of the insurance carrier is (NAME IN BOLD PRINT) and the name and address of its registered agent for service of process is (NAME AND ADDRESS IN BOLD PRINT)."

Acts 1993, 73rd Leg., ch. 269, Sec. 1, eff. Sept. 1, 1993. Amended by Acts 2001, 77th Leg., ch. 1456, Sec. 11.02, eff. June 17, 2001.

Amended by:

Acts 2005, 79th Leg., Ch. 265 (H.B. 7), Sec. 3.193, eff. September 1, 2005.

Acts 2011, 82nd Leg., R.S., Ch. 1162 (H.B. 2605), Sec. 17, eff. September 1, 2011.

Sec. 410.208. JUDICIAL ENFORCEMENT OF ORDER OR DECISION; ADMINISTRATIVE VIOLATION. (a) If a person refuses or fails to comply with an interlocutory order, final order, or decision of the commissioner, the division may bring suit in Travis County to enforce the order or decision.

(b) If an insurance carrier refuses or fails to comply with an interlocutory order, a final order, or a decision of the commissioner, the claimant may bring suit in the county of the claimant's residence at the time of the injury, or death if the employee is deceased, or, in the case of an occupational disease, in the county in which the employee resided on the date disability began or any county agreed to by the parties.

(c) If the division brings suit to enforce an interlocutory order, final order, or decision of the commissioner, the division is entitled to reasonable attorney's fees and costs for the prosecution and collection of the claim, in addition to a judgment enforcing the order or decision and any other remedy provided by law.

(d) A claimant who brings suit to enforce an interlocutory order, final order, or decision of the commissioner is entitled to a penalty equal to 12 percent of the amount of benefits recovered in the judgment, interest, and reasonable attorney's fees for the prosecution and collection of the claim, in addition to a judgment enforcing the order or decision.

(e) A person commits an administrative violation if the person fails or refuses to comply with an interlocutory order, final order, or decision of the commissioner within 20 days after the date the order or decision becomes final.

Acts 1993, 73rd Leg., ch. 269, Sec. 1, eff. Sept. 1, 1993. Amended by Acts 2003, 78th Leg., ch. 397, Sec. 1, eff. Sept. 1, 2003.

Andrew Patterson s/s


Andrew Patterson

Pro Se


CC:  Defense Attorney E file Copied.