**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Appellant,**

**v.**

**Albert OROSCO, Appellee.**

**No. 04–04–00691–CV.**

Court of Appeals of Texas, San Antonio.

May 25, 2005.

Rehearing Overruled June 17, 2005.

William J. Gamble, Gamble & Russell, P.C., Castroville, for appellant.

Teresa N. Smith, Smith & Habenicht, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's (1) denial of appellant's motion to dismiss appellee's counterclaim, (2) granting of appellee's motion to dismiss for lack of the jurisdiction, and (3) awarding appellee attorney's fees. We affirm the trial court's granting of appellee's motion to dismiss for lack of the jurisdiction and awarding appellee attorney's fees. Because this court lacks jurisdiction, we dismiss appellant's appeal from the order denying appellant's motion to dismiss appellee's counterclaim.

## BACKGROUND

In April 2003, appellee, Albert Orosco, filed a claim for workers' compensation benefits, alleging he had sustained an injury to his right hand, wrist, and forearm while in the course and scope of his employment. On June 10, 2004, the Texas Workers' Compensation Commission Appeals Panel ("TWCC") determined Orosco had sustained a work-related injury, but because he failed to timely notify his employer, the TWCC held that Orosco was not entitled to workers' compensation benefits.

On June 19, 2003, Orosco filed a second claim, this time complaining of a work-related injury to his left arm.

On July 20, 2004, appellant timely-filed its petition in district court, challenging the TWCC's determination that Orosco's right-arm injury was work-related. On August 6, 2004, Orosco filed a counterclaim, challenging the TWCC's determination that he did not timely notify his employer of his injury. Orosco filed a plea to the jurisdiction and a motion to dismiss appellant's suit for lack of jurisdiction, asserting appellant did not have standing because appellant was not "aggrieved" by

the TWCC's decision. Appellant moved to dismiss Orosco's counterclaim on the grounds it was not filed within the forty-day deadline imposed by Texas Labor Code section 410.252, which provides that "[a] party may seek judicial review not later than the 40th day after the date on which the decision of the appeals panel was filed with the division." TEX. LAB. CODE ANN. § 410.252(a) (Vernon Supp. 2005). The trial court denied appellant's motion, but granted Orosco's motion to dismiss for lack of jurisdiction. The trial court also awarded appellant attorney's fees in the amount of $2,187.50. The trial court subsequently severed Orosco's counterclaim into a separate cause.

## STANDING

■ In his plea to the jurisdiction and motion to dismiss, Orosco argued that appellant was not aggrieved by the TWCC's decision because that decision relieved appellant of any liability for payment of worker's compensation benefits. Therefore, according to Orosco, appellant does not have standing and dismissal for lack of jurisdiction was proper. Appellant asserts it is aggrieved because both alleged injuries are based upon Orosco's repetitive keyboarding and, if it is not allowed to pursue its suit for judicial review against Orosco on his right-arm injury, then it may be precluded from presenting a future defense to the second claim on his left-arm injury.

"A party that has exhausted its administrative remedies under this subtitle *and that is aggrieved* by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, if applicable." TEX. LAB.CODE ANN. § 410.251 (Vernon 1996) (emphasis added). The Worker's Compensation Code does not define when a party is "aggrieved." However, an aggrieved party is commonly de-

fined as one who has suffered a loss or injury. *See* BLACK'S LAW DICTIONARY 60 (5th ed.1979); *see also City of Houston v. Public Util. Comm'n,* 618 S.W.2d 428, 431 (Tex.Civ.App.-Austin 1981, writ ref'd n.r.e.) (defining the term "aggrieved" as a "substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation on a party."); *Southern Nat'l Bank of Houston v. City of Austin,* 582 S.W.2d 229, 235 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.) (an aggrieved person is one whose interest in the subject-matter of a judgment has been injuriously affected by the court's action); *Persky v. Greever,* 202 S.W.2d 303, 306 (Tex.Civ.App.-Fort Worth 1947, writ ref'd n.r.e.) (holding that to be aggrieved one must have a substantial grievance as to the imposition of a legal injustice, obligation, or burden, or denial of some equitable or legal right).

We conclude that a party is aggrieved by a final decision of the appeals panel if the injury or loss resulting from the final decision is actual and immediate; a possible future injury or loss as a consequence of the panel decision is not sufficient to show an aggrievement.[2] Here, the TWCC awarded appellant the ultimate relief it requested, that it be relieved of liability for Orosco's claim. Appellant's argument that a finding by the TWCC of a right-arm injury may result in a later finding of a left-arm injury raises only the possibility of a future loss, and not an actual or immediate loss.[3] Therefore, appellant is not aggrieved by the TWCC decision and appellant does not have standing to seek judicial review of that

**2.** *Cf. Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.,* 971 S.W.2d 439, 442 (Tex.1998) (standing emphasizes need for a concrete injury for a justiciable claim to be presented); *Benker v. Texas Dept. of Ins.,* 996 S.W.2d 328, 330 (Tex.App.-Austin 1999, no pet.) (to establish standing, one must show a justiciable interest by alleging an actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally).

**3.** We conclude appellant has not established its issue preclusion argument for two reasons. First, on appeal, appellant asserts the "administrative decision establishing that Orosco's work activity causes repetitive traumatic injury affects [appellant's] right to deny the causal relationship in a subsequent claim by Orosco where he contends another injury is work related due to repetitive trauma." The record before this court does not contain a copy of the contested case hearing officer's decision. Second, the record contains a copy of the TWCC's decision, in which the appeals panel states as follows:

> At the [contested case hearing] there was considerable discussion whether CTS [carpal tunnel syndrome] was an ordinary disease of life or an occupational disease. [Citation omitted.] The hearing officer, in his discussion regarding CTS, and citing an Appeals Panel decision, comments that CTS "if not an ordinary disease of life, it must be work related." We suggest that the question of whether CTS is compensable is not an absolute "always or never work related" but rather is fact specific depending on the circumstances of the case, preexisting risk factors, and the amount and type of work done, etc.
>
> Regarding the injury determination, the hearing officer discussed the medical evidence and commented on how he reached his conclusion. On appeal, [appellant] contends the hearing officer "placed too much emphasis on the nerve conduction studies" and did not consider other medical records. We have long cited Section 410.165(a) that makes the hearing officer the sole judge of the weight and credibility of the evidence and that is equally true of medical evidence. [Citation omitted.] The hearing officer's determinations on this issue are supported by the evidence.
>
> Because a determination of whether Orosco's alleged left-arm injury is compensable is "fact specific," appellant is not precluded from controverting any evidence presented by Orosco regarding "the circumstances of the case, preexisting risk factors, and the amount and type of work done, etc."

decision. Accordingly, the trial court did not err in granting Orosco's motion to dismiss.

## ATTORNEY'S FEES

■ Appellant asserts Orosco is not entitled to attorney's fees for two reasons. First, according to appellant, Orosco did not prevail on a judicial issue brought by appellant; therefore, Orosco is not entitled to fees under Labor Code section 408.221, which provides as follows:

> An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of a commission appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if *the claimant prevails* on an issue on which judicial review is sought by the insurance carrier in accordance with the limitation of issues contained in Section 410.302. If the carrier appeals multiple issues and *the claimant prevails* on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails.....

TEX. LAB.CODE ANN. § 408.221(c) (Vernon Supp.2005) (emphasis added).

■ The Labor Code does not define "prevailing party." However, cases construing the same phrase under Civil Practice and Remedies Code chapter 38 and under Texas Rule of Civil Procedure 131 have consistently applied the same definition and analysis to the phrase. A prevailing party is one who is vindicated by the trial court's judgment. *Flagship Hotel, Ltd. v. City of Galveston,* 117 S.W.3d 552, 564–65 (Tex.App.-Texarkana 2003, pet. denied) (Chapter 38); *Scholl v. Home Own-* *ers Warranty Corp.,* 810 S.W.2d 464, 468– 69 (Tex.App.-San Antonio 1991, no writ) (Rule 131); *see also Weng Enter., Inc. v. Embassy World Travel, Inc.,* 837 S.W.2d 217, 222–23 (Tex.App.-Houston [1st Dist.] 1992, no writ) (term "prevailing party" refers to a party who successfully prosecutes an action or successfully defends against an action on the main issue). Here, Orosco sought and obtained dismissal of appellant's claim against him. Therefore, he "prevailed."

■ Second, appellant argues that, even if Orosco prevailed, he is still not entitled to attorney's fees because the order of dismissal is void. Appellant contends the order is void because Orosco did not comply with the following sections of the Labor Code:

> (a) The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the executive director of the commission not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the executive director by certified mail, return receipt requested.

> . . .

> (f) A judgment entered or settlement approved without complying with the requirements of this section is void.

TEX. LAB.CODE ANN. § 410.258(a), (f).

■ "We presume the regularity of a judgment absent controverting evidence." *Casillas v. State Office of Risk Management,* 146 S.W.3d 735, 738 (Tex.App.-El Paso 2004, no pet.). Here, neither the order dismissing appellant's claim, nor the order awarding Orosco his attorney's fees

recites whether the parties complied with section 410.258(a). However, although the plain language of section 410.258(f) prohibits the trial court from rendering a judgment that does not comply with section 410.258, it does not require the trial court to recite the requirements of the labor code within the judgment. *Id.* at 739; *Continental Cas. Co. v. Davilla,* 139 S.W.3d 374, 381 (Tex.App.-Fort Worth 2004, pet. denied). Both the judgment and the record as a whole are silent on whether the parties complied with section 410.258(a). Therefore, we cannot say this judgment is void. *Casillas,* 146 S.W.3d at 739 (holding same).

## JURISDICTION OVER COUNTERCLAIM

█ Appellant asserts the trial court erred in denying its motion to dismiss Orosco's counterclaim. On our own motion, this court considered whether it has jurisdiction over appellant's appeal of the order denying appellant's motion to dismiss. We conclude we do not.

On September 1, 2004, the trial court granted Orosco's motion to dismiss appellant's claim. On September 10, 2004, the trial court awarded attorney's fees to Orosco. On October 1, 2004, appellant filed its notice of appeal from the September orders. On November 2, 2004, the trial court denied appellant's motion to dismiss Orosco's counterclaim. On November 15, 2004, the trial court severed Orosco's counterclaim into a separate cause.

█ A judgment must be final before it can be appealed. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 192 (Tex. 2001). A judgment issued without a conventional trial is final for purposes of appeal if and only if it actually disposes of all claims and parties then before it. *Id.* at 192–93. Otherwise, the judgment is interlocutory. *Id.* Here, the trial court's sever-

ance order rendered its September orders final and appealable because those orders finally and fully disposed of appellant's claim against Orosco and Orosco's claim for attorney's fees. *Cf. Brown v. Todd,* 53 S.W.3d 297, 300 (Tex.2001) (noting that "[a]fter the trial court dismissed Hotze's claim for lack of standing, he could have sought a severance so that the dismissal against him would have been an appealable final judgment."). However, the severance order did not render the November 2nd order final and appealable because that order did not "dispose" of the counterclaim. Because the counterclaim remains pending, the November 2nd order remains interlocutory; therefore, this court lacks jurisdiction over appellant's appeal from that order.

## CONCLUSION

Appellant is not aggrieved by the appeals panel decision and, therefore, does not have standing to seek judicial review of that decision. Accordingly, we affirm the trial court's order granting Orosco's motion to dismiss appellant's claim. Because Orosco prevailed on his defense against appellant's claim, we affirm the trial court's order awarding Orosco his attorney's fees. The order denying appellant's motion to dismiss Orosco's counterclaim is not final and appealable; therefore, we dismiss appellant's appeal from that order for lack of jurisdiction.