**Opinion filed November 12, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00245-CV

_____

## IN RE TEXAS MUTUAL INSURANCE COMPANY ET AL

**Original Mandamus Proceeding**

## O P I N I O N

Relators Texas Mutual Insurance Company; Steven Painter; Tonya Wright, individually and as representative of the estate of Earl A. Wright, III, deceased; Virginia Weaver, individually and as representative of the estate of Albert A. Carrillo and as next friend of Albert A. Carrillo, Jr., a minor, (Texas Mutual) filed a petition for writ of mandamus, seeking to compel the trial court to grant their plea to the jurisdiction and to dismiss the suit of real party in interest, Amerimex Drilling I, Ltd. We conditionally grant Texas Mutual's petition.

### I. *Background Facts*

Painter, Wright, and Carrillo were crewmembers in Amerimex's oil drilling operations. After work on July 28, 2007, Amerimex driller J.C. Burchett was driving the crewmembers to a company-owned bunkhouse when they were involved in an automobile accident. Burchett and Painter were injured, and Wright and Carrillo were killed. Burchett filed a claim for workers' compensation benefits. The crewmembers and their representatives did not. Amerimex's carrier, Texas Mutual, disputed Burchett's claim. The Texas Department of Insurance—Division

of Workers' Compensation found that Burchett suffered a compensable injury and ordered Texas Mutual to pay benefits. Texas Mutual filed suit to appeal this determination.

Meanwhile, Amerimex initiated proceedings at the Division to determine whether the injuries suffered by Painter, Wright, and Carrillo were covered by its workers' compensation policy. A Division appeals panel found that Amerimex lacked standing. The appeals panel also determined that, if Amerimex did have standing, it would have found that the crewmembers were not injured in the course and scope of employment and, therefore, that their injuries were not covered by Amerimex's workers' compensation policy.

Amerimex filed a petition in intervention in the judicial review case between Texas Mutual and Burchett, seeking a declaratory judgment that Painter, Wright, and Carrillo were injured in the course and scope of employment. Texas Mutual filed a plea to the jurisdiction, arguing that Amerimex lacked standing to intervene. The crewmembers and their representatives, who were added as defendants by Amerimex's petition, also filed pleas to the jurisdiction. The trial court denied the pleas to the jurisdiction.

## II. *Issue*

Texas Mutual seeks a writ of mandamus ordering the trial court to grant relators' plea to the jurisdiction and to dismiss Amerimex's suit for lack of standing.

## III. *Standard of Review*

To be entitled to the extraordinary relief of a writ of mandamus, Texas Mutual must show that the trial court abused its discretion and that there is no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). The failure to grant a plea to the jurisdiction for failure to exhaust administrative remedies with the Division is subject to mandamus review in order to prevent disruption of the orderly processes of government. *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding).

IV. *Did the Trial Court Abuse its Discretion By Finding that Amerimex Had Standing?*

Standing is a prerequisite to subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553, 558 (Tex. 2000). The Workers' Compensation Act vests the Division with exclusive jurisdiction to determine a claimant's entitlement to benefits, subject to judicial review. *In re Liberty*, 295 S.W.3d at 328. Judicial review is available only to a party that has exhausted its administrative remedies and that is aggrieved by a final decision of an appeals panel. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006). The Act provides two ways for an employer to bring a claim with the Division: either as a subclaimant or by disputing the compensability of a claim if the carrier has accepted liability for the payment of benefits. TEX. LAB. CODE ANN. §§ 409.009, 409.011(b)(4) (Vernon 2006).

Texas Mutual argues that Amerimex lacked standing to intervene because Amerimex was not a subclaimant and because it did not accept liability for the crewmembers' claims. Amerimex responds that it has standing to enforce its rights as a policyholder – the workers' compensation bar to tort claims, that it is an aggrieved party, that it is a subclaimant, and that the Division's conflicting course and scope rulings present a justiciable controversy.

*A. Was Amerimex a Subclaimant?*

Amerimex argues that it had standing to bring a claim with the Division as a subclaimant, maintaining that its payment of health insurance premiums after the crewmembers' accident was "compensation" within the meaning of the Act. A person qualifies as a subclaimant if he has provided compensation, directly or indirectly, to or for an employee or legal beneficiary; if he has sought and been refused reimbursement from the insurance carrier; and if he has filed a written claim with the Division. Section 409.009.

The Act defines "compensation" as the "payment of a benefit." TEX. LAB. CODE ANN. § 401.011(11) (Vernon Supp. 2010). A "benefit" is defined as "a medical benefit, an income benefit, a death benefit, or a burial benefit based on a compensable injury." Section 401.011(5). "Medical Benefit" means "payment for health care reasonably required by the nature of a compensable injury." Section 401.011(31). "Health care reasonably required" means "health care that is clinically appropriate and considered effective for the injured employee's injury." Section 401.011(22-a). "Income benefit" means "a payment made to an employee for a compensable injury" other than a medical benefit, death benefit, or burial benefit. Section 401.011(25). "Death benefit" means a payment made "to a legal beneficiary because of

the death of an employee." Section 401.011(13). An example of a "burial benefit" would be the "actual costs incurred for reasonable burial expenses." TEX. LAB. CODE ANN. § 408.186(a)(1) (Vernon 2006).

The ultimate goal in construing a statute is to effectuate the legislature's intent. *Union Banker's Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). To ascertain the legislature's intent, we examine the statute's plain language. *City of DeSoto v. White*, 288 S.W.3d 389, 394-95 (Tex. 2009). Because the words chosen by the legislature "should be the surest guide to legislative intent," the text is determinative unless enforcement of the statute's plain language would produce absurd results. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

Payment of health insurance premiums does not fit within any of the statutory categories of benefits. Compensation benefits address a specific on-the-job injury. Health insurance premiums do not. They are contractual payments for insurance coverage for a specified period of time and for a defined group of people. Because of the wide variances in coverage provided by health insurance policies and the lack of evidence of any medical coverage provided to the crewmembers, we cannot even be sure that Amerimex's policy provided coverage for on-the-job injuries. Premium payments, therefore, are not compensation within the meaning of the Act. Even if we are in error, Amerimex provided no evidence that it requested but was denied reimbursement from Texas Mutual,[1] Amerimex did not file a claim for reimbursement with the Division,[2] and it has not identified any reimbursable claim for which Texas Mutual is responsible. Amerimex does not have standing as a subclaimant under Section 409.009.

---

[1]Amerimex directs our attention to the Hearing Officer's Decision and Order in the crewmember-related proceedings it initiated and to the transcript of the contested case hearing involving Burchett as evidence that it did file a claim for reimbursement. In the Amerimex-initiated proceedings, the Hearing Officer found that Amerimex had:

> [F]ailed to show that it had sought and been refused reimbursement from the carrier for these premiums. Although the Chief Financial Officer testified that he sought reimbursement from the Carrier for payment of group health insurance premiums, his testimony did not provide sufficient evidence of how and in what amounts he sought reimbursement, and whether and in what manner the insurance carrier refused.

Amerimex directs us to nothing in the record to refute the Hearing Officer's conclusions or to otherwise show that Texas Mutual refused its request.

At the beginning of the contested case hearing involving Burchett, Amerimex's counsel told the Hearing Officer that the proceeding was not filed as a subclaimant claim but that they had presented a subclaim to Texas Mutual. Counsel's statement to the Hearing Officer is no evidence of a reimbursement request.

[2]Amerimex tells us in its response that it filed a written claim with the Division, but it does not direct our attention to any evidence of that claim.

*B. Was Amerimex Contesting the Compensability of a Claim for which Texas Mutual has Accepted Liability?*

The Act gives an employer the right to dispute the compensability of a claim if the carrier has accepted liability for the payment of benefits. Section 409.011(b)(4). The crewmembers did not file claims with Division, and Texas Mutual has not otherwise accepted liability for any claims resulting from the accident. Amerimex, therefore, does not have standing under Section 409.011(b)(4).

*C. Does Amerimex Otherwise have Standing?*

Amerimex maintains that Section 409.011 of the Texas Labor Code is merely a notice provision and that it does not set forth an exhaustive list of an employer's rights. It argues that, beyond the rights provided by Sections 409.009 and 409.011, an employer has a contractual right to have course and scope issues resolved administratively.

We ascertain legislative intent by looking at the entire act, including the caption and body. *See Hartford Ins. Co. v. Crain*, 246 S.W.3d 374 (Tex. App—Austin 2008, no pet.); *Morroquin v. State*, 112 S.W.3d 295 (Tex. App.—El Paso 2003, no pet.). Section 409.011 is entitled "Information Provided to Employer; Employer's Rights." It requires the Division to give notice to the employer of "the employer's rights and responsibilities under [the Workers' Compensation Act]." Section 409.011(a)(3). It then lists the rights this notice must include, among them the right to contest the compensability of a claim if the carrier has accepted liability. Section 409.011(b). Consequently, we disagree with Amerimex. Section 409.011 is not merely a notice provision but is descriptive of its rights. *See Simplex Elec. Corp. v. Holcomb*, 949 S.W.2d 446, 448 (Tex. App.—Austin 1997, pet. denied) (holding that an employer does not have the right to contest compensability of a claim after the carrier failed to dispute liability within the requisite time limits, as this failure was not acceptance of liability).

Amerimex, however, argues that it has much broader standing rights, and it relies heavily upon *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). In *Tyler*, an employee was killed while on the employer's premises. The employee's family filed a tort suit in Harris County against the employer and others. The employer asserted the workers' compensation bar as an affirmative defense. Additionally, because it had previously paid the employee's burial expenses, the employer sought reimbursement from its workers' compensation carrier. The carrier contested the claim,

contending that the employee was not within the course and scope of his employment at the time of his accident. The Division found that the employee was within the course and scope of his employment, and the carrier filed suit in Smith County to seek judicial review of this decision. *Id.* at 836-37. The employer filed a motion to abate the Harris County tort litigation, and when this motion was denied, it filed a petition for writ of mandamus. *Id.* at 837.

The Houston Court was primarily concerned with resolving the conflicting jurisdictional issues caused by two trial courts being simultaneously asked to determine whether the employee was acting within the course and scope of his employment at the time of his death. But, in its analysis, the Houston Court made comments that both parties have seized upon. Texas Mutual highlights the Houston Court's statement that the Act is contractual in nature and that, by paying insurance premiums, employers bargained for the right to have course and scope issues resolved through the Division's more efficient administrative process. *Id.* at 844. Amerimex interprets this as authority that it always has standing to go before the Division to have course and scope issues resolved.

The Houston Court's statement, however, must be read in context. The employer's standing was not in question because it was a subclaimant. The question was whether the Harris County tort litigation should be stayed pending the resolution of the Smith County judicial review suit. Both suits involved the same course and scope issue, and each court was equally able to address it. The resolution of which court had jurisdiction, however, carried procedural consequences. If the Harris County tort suit proceeded, the employer would be unable to assert its exclusivity defense because the Division's course and scope finding was binding pending the judicial review suit. The employer had the burden of proof on course and scope in the tort trial, but the employee's family did in the judicial review suit. *Id.* at 844. The Houston Court correctly noted that an employer has contractual rights as a subscriber and that, to protect these rights, the judicial review suit should not be impacted by a competing tort suit. It found, therefore, that the court in Smith County had exclusive jurisdiction. *Id.* at 838.

The Houston Court's statement on the employer's contractual right to an administrative determination does not mean that employers always have standing. The court summarized its analysis by writing, "Smith County . . . has exclusive jurisdiction because determination of the course and scope issue is committed to the statutory workers' compensation process, judicial review is part of that process, and judicial review must occur in Smith County." *Id.* This

6

analysis assumes the Division's jurisdiction over the course and scope issue was properly invoked. If so, that jurisdiction could not be defeated by collateral tort litigation. That assumption cannot be employed here because the Division's jurisdiction was not properly invoked if Amerimex does not have standing.

The Houston Court was concerned that the employer would lose its rights as a subscriber if the tort suit proceeded. Amerimex contends that it is in a similar situation and complains that the Division's conflicting course and scope findings placed it in an impossible situation. Amerimex advises us that the plaintiffs in the tort suit are attempting to hold it liable for Burchett's actions under a respondeat superior theory. It is concerned that they might attempt to introduce the Division's finding that Burchett was in the course and scope of his employment and argue that this is improper because the Division determined course and scope under the Act's standard but that a different standard applies for respondeat superior claims.

We empathize with the concern over the Division's conflicting course and scope findings and the propriety of an alternative course and scope finding when the Division has determined that Amerimex did not have standing but disagree that this has placed Amerimex in an impossible situation. If the tort claimants attempt to introduce the Division's findings in the Burchett proceeding, we are confident that the trial court can appropriately consider Amerimex's concerns.

Amerimex does not have a general contractual right of standing.

*D. Was Amerimex Aggrieved by a Final Decision?*

Only a party that has exhausted its administrative remedies and that is aggrieved by a final decision of the appeals panel may seek judicial review. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006). To be aggrieved by a final decision, the loss resulting from the final decision must be actual and immediate. *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129, 133 (Tex. App.—San Antonio 2005, no pet.).

Amerimex argues that it is aggrieved by the Division's decision that it lacked standing to bring the crewmembers' claims because it now must litigate the crewmembers' personal injury lawsuit in the midst of conflicting Division course and scope findings. It characterizes this as an imposition of a legal injustice. The future defense of a personal injury lawsuit is not an actual and immediate loss. *See Orosco*, 170 S.W.3d at 133 (the possibility of a future loss is not an

actual and immediate loss). Moreover, the Division's decision did not require Amerimex to pay any money or deprive it of any substantive defense.

Amerimex's position assumes that, if we find that it had no standing to initiate a course and scope proceeding with the Division, this will impose a defensive obligation that it would not otherwise have. This assumption is incorrect. The crewmembers have the right to claim that they were not in the course and scope of their employment but that Burchett was. To this claim, Amerimex has the right to assert the affirmative defense that workers' compensation benefits are their exclusive remedy. Regardless of whether the crewmembers' course and scope issue is resolved in the judicial review suit or the tort litigation, Amerimex will be required to defend itself and will be required to carry the same burden of proof. It would be less expensive for Amerimex if the crewmembers' claims were adjudicated with Burchett's judicial review suit, but the legislature has chosen to give employers limited standing. We cannot disregard that decision.

Amerimex was not aggrieved by a final decision of the appeals panel, and it did not have standing to intervene in the judicial review suit between Texas Mutual and Burchett.

## V. *Conclusion*

The petition for writ of mandamus is conditionally granted. The trial court is directed to set aside its August 19, 2010 order and to enter an order granting the plea to the jurisdiction against Amerimex. The writ will issue only if the trial court fails to act on or before December 1, 2010, in accordance with this opinion.

RICK STRANGE
JUSTICE

November 12, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

8