# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40539

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2016

Lyle W. Cayce
Clerk

NEW HAMPSHIRE INSURANCE COMPANY,

Plaintiff - Appellant Cross-Appellee

v.

EFRAIN DOMINGUEZ, Deceased; PERLA CASTILLO-GARCIA, Claimant/Beneficiary,

Defendants - Appellees Cross-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CV-107

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case stems from a commercial bus crash on March 16, 2010, that resulted in the death of passenger and bus company employee, Efrain Dominguez ("Dominguez"), as he tried to help the driver. The parties dispute, *inter alia*, (1) whether New Hampshire Insurance Company ("NHIC") has standing to contest the Texas Department of Workers' Compensation's (the "DWC") determination that NHIC did not provide workers' compensation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40539

coverage for Dominguez's employer on the date of the accident, and (2) whether Dominguez was acting in the course and scope of his employment at the time. The district court held that NHIC lacked standing and that Dominguez was acting in the course and scope of his employment. Based on oral argument and our review of the briefs, the record, and the applicable law, we **REVERSE** and **REMAND** on the standing issue and **AFFIRM** the district court's course and scope determination.

I.

Dominguez's wife filed a wrongful death lawsuit against Americanos, USA, LLC, which was Dominguez's employer, and others. The affirmative defense of workers' compensation was raised, and NHIC stepped in to assert its coverage of benefits before the DWC. The DWC concluded as a matter of law, however, that NHIC's policy did not provide workers' compensation coverage for Americanos on the date of the accident because, through an oversight, Americanos was not then a named insured in the policy (the "Policy").

NHIC filed suit in federal district court to challenge the DWC's determination that Americanos was not covered under the Policy. The parties filed cross-motions for partial summary judgment on the issue. The district court *sua sponte* dismissed the coverage claim for lack of subject matter jurisdiction, primarily because the DWC decision freed NHIC from any liability arising out of the bus crash. The district court concluded that NHIC did not satisfy the standing requirement because it was not "aggrieved by a final decision of the [DWC] appeals panel." *See* Tex. Lab. Code Ann. § 410.251 (West 2006).

A district court's decision to dismiss for lack of subject matter jurisdiction is reviewed *de novo*. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Standing is a jurisdictional prerequisite, *K.P. v. LeBlanc*,

No. 15-40539

729 F.3d 427, 436 (5th Cir. 2013), and presents a legal question that we review *de novo*. *Crane v. Johnson,* 783 F.3d 244, 250 (5th Cir. 2015).

On appeal, NHIC asserts a number of reasons why it was "aggrieved" by the DWC's decision and therefore has statutory standing. The district court relied on Texas case law that arguably prescribes a narrow interpretation of "party aggrieved." *See Ins. Co. of the State of Penn. v. Orosco*, 170 S.W.3d 129, 132–33 (Tex. App.—San Antonio 2005, no pet.); *Just Energy Tex. I Corp. v. Tex. Workforce Comm'n*, 472 S.W.3d 437, 441–43 (Tex. App.—Dallas 2015, no pet.); *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 814–15 (Tex. App.—Fort Worth 2006, no pet.); *In re Tex. Mut. Ins.*, 331 S.W.3d 70, 77 (Tex. App—Eastland 2011, no pet.); *Covenant Healthcare Sys. v. Dean Foods Co.*, No. 07-09-0348-CV, 2011 WL 3717056 at *4 (Tex. App.—Amarillo 2011, no pet.); *see also In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004) ("The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing."). Nonetheless, standing is based on a factual inquiry dependent on the circumstances of each case. *Fort Bend Cnty. v. Tex. Parks & Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex. App.—Austin 1991, no writ) ("Whether a person is aggrieved by the agency's final decision is generally a fact question to be decided upon the facts and circumstances of the particular case.") (internal quotation marks and citations omitted).

Here, the parties had no opportunity to fully brief and argue the standing issue in the district court because the court reached its conclusion *sua sponte*. To be clear, we do not take issue with the court raising standing on its own initiative. *See Barret v. Comput. Servs.*, 884 F.2d 214, 219–220 (5th Cir. 1989). It is apparent however, that the standing determination in this case involves factual disputes beyond this appellate court's capacity to resolve. NHIC asserts that it is aggrieved because the DWC's decision allegedly resulted, *inter alia*, in the possibility of NHIC's having to refund Americanos's insurance

3

premiums and in forfeiting the workers' compensation benefits it paid to the bus driver as a result of this accident. Accordingly, we reverse and remand for further proceedings to determine, based on all the facts and a comprehensive review of the case law, whether NHIC has standing to seek judicial review of the DWC's "no coverage" determination. We do not reach the question whether NHIC's retroactive coverage of Americanos was enforceable.

## II.

The DWC concluded that Dominguez was acting in the course and scope of his employment at the time of the accident. His wife counterclaimed in the district court challenging the DWC's course and scope determination. The district court granted summary judgment in favor of NHIC, explaining that on the day of the accident, Dominguez was on-the-clock as an employee, he assisted with a passenger seating dispute during the bus trip, and he tried to assist the bus driver in the rapidly evolving safety matter that led to the bus crash.

This court reviews motions for summary judgment *de novo*. *EEOC v. WC&M Enters.*, 496 F.3d 393, 397–98 (5th Cir. 2007). A moving party is entitled to summary judgment if no material facts are disputed and that party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The Texas Labor Code defines course and scope of employment as "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." Tex. Lab. Code § 401.011(12) (West 2009). The initial determination of course and scope thus encompasses an "origination" prong and a "furtherance" prong. *Seabright Ins. Co. v. Lopez,* 465 S.W.3d 637, 645 (Tex. 2015). There is no bright line rule in the fact-intensive "course and scope" inquiry. *See Tex. Mut. Ins. Co. v. Jerrols*, 385 S.W.3d 619, 627 (Tex. App.—

No. 15-40539

Houston [14th Dist.] 2012, no pet.). When considering whether an employee was acting in the course and scope of employment while traveling, courts consider the nature of the employee's job, the circumstances of the travel, and any other relevant facts. *Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 730–31 (Tex. App.—Austin 2011, pet. denied); *Meyer v. W. Fire Ins. Co.,* 425 S.W.2d 628, 628–29 (Tex. 1968). Generally, "if the injury is the result of any activity that originates from employment and is received while the employee is actually engaged in furthering the employer's business, the injury is deemed to have been sustained within the course and scope of employment." *ESIS, Inc. v. Johnson*, 908 S.W.2d 554, 557 (Tex. App.—Fort Worth 1995, no writ) (citations omitted); *see also Dunlap-Tarrant v. Ass'n Cas. Ins. Co.*, 213 S.W.3d 452, 454 (Tex. App.—Eastland 2006, no pet.).

Simply put, the ultimate question is whether Dominguez was working for Americanos at the time of the accident.[1] *See* Tex. Lab. Code Ann. § 401.011(12) (West 2009). Although Dominguez's complimentary bus ticket listed "personal" as the reason for issuance, we agree with the district court that no genuine issue of material fact was raised to refute that he was in the course and scope of employment when the bus accident ended his life.

For purposes of the "origination" prong, an injury "originates in the work, business, trade, or profession of the employer," *McVey*, 339 S.W.3d at 728 (quoting Tex. Lab. Code Ann. § 401.011(12)), "when it results from a risk or

---

[1] There are two statutory exceptions to be considered in the "course and scope" of employment determination. The "coming and going" exception, Tex. Lab. Code § 401.011(12)(A)(i), (ii), (iii) (West 2009), is inapplicable here because the facts do not involve a person travelling to or from his place of employment. The "dual purpose" exception, Tex. Lab. Code § 401.011(12)(B)(i), (ii) (West 2009), is also inapplicable because there is no evidence that Dominguez was travelling for any reason (i.e., for the purpose of his business) other than his personal affairs. *See id.* Additionally, Dominguez was not travelling from work to a place other than his home. *See Leordenau v. American Prot. Ins. Co.*, 330 S.W.3d 239, 244–45 (Tex. 2010).

hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." *Id.* at 733. The undisputed evidence here is that one of Dominguez's job duties was to evaluate drivers; that he assisted in seating passengers; that he was standing behind driver Irma Morado ("Morado") while the bus was traveling at highway speed; and that he was assisting and directing her in diagnosing the bus malfunction. Dominguez also attempted to help Morado steer the bus. After hearing an unusual noise, a mere passenger would likely not have stood up from his seat, walked up behind the driver, directed her actions in diagnosing the noise, and attempted to help the driver. Thus, the evidence shows that Dominguez's conduct at the time of the accident originated from his employer's business, and he incurred a risk that was not one shared by the general public, *see McVey*, 339 S.W.3d at 730. Accordingly, the district court correctly found no genuine issue of material fact as to the origination prong of the "course and scope" determination.

Second, the evidence showed that Dominguez was acting in furtherance of Americanos's affairs. Dominguez had not requested time off from work and was on the clock the day of the accident. Dominguez conducted several business calls during the trip. He called another Americanos manager and participated in a conference call with his supervisor and other co-workers. Additionally, Morado testified that she was under the impression that Dominguez was working on the day of the accident, he intervened at Morado's request in resolving a passenger seating dispute, and he rapidly became involved in attempting to diagnose the unusual noise. In fact, there is no evidence even suggesting that Dominguez was doing anything other than working on the day of the accident. Consequently, the district court did not err in holding that that no genuine issue of material fact existed as to the "furtherance" prong of the "course and scope" inquiry.

No. 15-40539

III.

For the foregoing reasons, we conclude that further development of the facts is needed on the question whether NHIC is a "person aggrieved" by the DWC's determination that NHIC's policy did not cover this accident, but we affirm the district court's summary judgment on "course and scope." We thus **AFFIRM** the judgment in part, and **REVERSE** and **REMAND** in part with instructions.