# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 17-40773

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2018

Lyle W. Cayce
Clerk

NEW HAMPSHIRE INSURANCE COMPANY,

     Plaintiff − Appellant

v.

EFRAIN DOMINGUEZ, Deceased; PERLA CASTILLO-GARCIA, Claimant/Beneficiary,

     Defendants − Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CV-107

_____

Before STEWART, Chief Judge, and JONES and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

This appeal is before us following a remand to the district court in which New Hampshire Insurance Company ("NHIC") was offered the opportunity to "fully brief and argue the standing issue [*i.e.*, standing pursuant to Texas Labor Code Section 410.251 to appeal the Texas Department of Insurance-Division of Workers Compensation ("DWC") decision] in the district court. . . ."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40773

*N. H. Ins. Co. v. Dominguez,* 661 F.App'x. 267, 269-70 (5th Cir. 2016). Both parties submitted briefs on this issue to the district court, but no further evidence was submitted; NHIC's brief appears to have simply copied large portions of its Fifth Circuit brief for the district court.

The court fully considered the parties' arguments, wrote a comprehensive opinion concerning the standing issue, and renewed its conclusion that NHIC was not "aggrieved." The court dismissed the entire case without prejudice. NHIC has appealed again. We find no reversible error and affirm.

We need not conduct an extended exegesis of the Texas case law, as required by *Erie*, because the district court has performed that service. Cases like *Orosco,*[1] *Diehl,*[2] and *Just Energy*[3] indicate that a party is not "aggrieved," and thereby authorized to appeal a DWC decision, simply because it has not received all the relief that it initially sought. Although none of these cases is precisely on point, they plainly require an "actual and immediate" injury or loss to support standing. NHIC could have established standing if it had provided evidence of any of the financial losses it claims to have suffered, but it failed to submit, either initially or on remand, evidence demonstrating NHIC's losses or liabilities incurred. Nor did NHIC establish its involvement in Castillo's state court litigation against Americanos, a suit to which it was not a party, or explain how that suit would lead to its immediate injury. We find no legal or factual basis to disagree with the district court's application of Texas case law.

---

[1] *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129 (Tex.App.—San Antonio 2005).

[2] *City of San Antonio v. Diehl*, 387 S.W. 3d 777 (Tex.App.—El Paso 2012).

[3] *Just Energy Tex. I Corp. v. Tex. Workforce Comm'n*, 472 S.W. 3d 437 (Tex.App.—Dallas 2015).

No. 17-40773

NHIC raises two additional arguments for the first time on appeal. The first contends that the district court's decision flies in the face of *Tex. Workers' Comp. Comm'n. v. Garcia,* 893 S.W.2d 504 (Tex. 1995), as well as public policy, because, in contravention of the state Constitution, it denies NHIC any factual review of the DWC decision. The issue is waived. This court does not consider arguments never presented to the district court. *Kirschbaum v. Reliant Energy, Inc.,* 526 F.3d 243, 257 n.15 (5th Cir. 2008). Second, NHIC asks this court to certify its standing issue to the Texas Supreme Court because of the dearth of controlling state case law. We decline to certify; it is time for this litigation to end.

The district court's judgment is **AFFIRMED** for essentially the reasons stated by that court.