## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20605

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2020

Lyle W. Cayce
Clerk

SENTINEL INSURANCE COMPANY, LIMITED,

Plaintiff - Appellant

v.

VILMA S. ORTIZ; JOHNATHAN MORALES; BRYAN Y. ORTIZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-380

Before SMITH, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Sentinel Insurance Company appeals the district court's grant of summary judgment in favor of the beneficiaries of Mario Morales. Because the district court did not err, we AFFIRM.

FACTS AND PROCEDURAL HISTORY

On December 20, 2016, Mario Morales was struck by an industrial pipe and sustained fatal injuries while working for Womble Company, Inc. Sentinel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provided the workers' compensation and employer liability insurance coverage for Womble.  Vilma Ortiz, Johnathan Morales and Bryan Ortiz are Morales' beneficiaries.  Following Morales' death, there was a dispute between his beneficiaries and Sentinel regarding whether Morales was an employee or an independent contractor for purposes of the Womble policy.  The Texas Department of Insurance Division of Workers' Compensation (DWC) determined that Morales was an independent contractor.  The DWC also determined that, because Morales was an independent contractor and not an employee, his beneficiaries were not entitled to death benefits under the Texas Workers' Compensation Act.

Sentinel filed for judicial review, seeking a declaratory judgment that Morales was an employee.  The beneficiaries moved to dismiss for lack of statutory standing.  The district court converted the motion to dismiss into a motion for summary judgment and granted it on May 16, 2019.  Sentinel subsequently filed this appeal.

STANDARD OF REVIEW

This Court reviews de novo a district court's grant of summary judgment, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 439 (5th Cir. 2011).  Summary judgment is proper when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

No. 19-20605

We review issues of standing, which is a jurisdictional prerequisite, de novo. *See Crane v. Johnson*, 783 F.3d 244, 250 (5th Cir. 2015); *see also N.H. Ins. Co. v. Dominguez*, 661 F. App'x 267, 269-70 (5th Cir. 2016).

## DISCUSSION

Sentinel asserts on appeal that it is aggrieved and has standing to seek judicial review of an adverse workers' compensation administrative decision in light of the conclusion that it is not liable for workers' compensation benefits. Specifically, and despite not being responsible for paying the $350,000 in death benefits, Sentinel asserts that it is aggrieved because it may potentially have to reimburse some $36,709.27 in workers' compensation premiums to Womble at some point in the future.

The beneficiaries counter that Sentinel premises its aggrievement arguments on a non-existent injury or loss. We agree.

Under Texas law, a party may seek judicial review of an administrative remedy if it is "aggrieved" by the final decision. *See* Tex. Lab. Code Ann. § 410.251. As the district court stated, Texas courts have "prescribe[d] a narrow interpretation" of aggrieved. *See Dominguez*, 661 F. App'x at 269 (citing *Ins. Co. of the State of Penn. v. Orosco*, 170 S.W.3d 129, 132–33 (Tex. App.—San Antonio 2005); *Just Energy Tex. I Corp. v. Tex. Workforce Comm'n*, 472 S.W.3d 437, 441–43 (Tex. App.—Dallas 2015); *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 814–15 (Tex. App.—Fort Worth 2006), *overruled on other grounds by Tex. Mut. Ins. Co. v. Chicas*, 395 S.W.3d 284 (Tex. 2019); *In re Tex. Mut. Ins. Co.*, 331 S.W.3d 70, 77 (Tex. App.—Eastland 2010); *Covenant Health Sys. v. Dean Foods Co.*, No. 07–09–0348–CV, 2011 WL 3717056 at *4 (Tex. App.—Amarillo 2011); *see also In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004)).

Further, Texas courts have said that "a party is aggrieved by a final decision of the appeals panel if the injury or loss resulting from the final

No. 19-20605

decision is actual and immediate; a possible future injury or loss as a consequence of the panel decision is not sufficient to show an aggrievement." *Orosco*, 170 S.W.3d at 133; *see also City of San Antonio v. Diehl*, 387 S.W.3d 777, 782 (Tex. App.—El Paso 2012) (party not aggrieved where DWC "decision did not require Diehl to pay any money nor did it authorize the City to recoup funds").

As the district court found in its thorough order, the DWC's decision addresses only the employment relationship between Womble and Morales. Nothing in the DWC decision requires Sentinel to pay any money or authorizes Womble to recoup any money. Moreover, Sentinel acknowledges that it has not refunded any premiums nor paid any benefits, and cannot establish any actual or immediate injury. Additionally, although Sentinel asserts that the policy will require a refund in the future, it cannot establish that any such possible future injury would be "resulting from the final decision."

## CONCLUSION

For the reasons set out previously herein and by the district court, we conclude that Sentinel failed to establish that it has statutory standing to seek judicial review of the DWC's decision under Texas law. Thus, the district court did not err in granting summary judgment on the basis of standing. Accordingly, we AFFIRM.

4