COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| M. GARZA ENTERPRISES, INC. and EVERETT HOLDINGS, LLC, | § | No. 08-23-00110-CV |
| | § | Appeal from |
| Appellants, | § | |
| | § | 131st Judicial District Court |
| v. | § | of Bexar County, Texas |
| JULIA PEREZ, | § | (TC# 2022CI00753) |
| Appellee. | § | |
| | § | |

## MEMORANDUM OPINION

M. Garza Enterprises, Inc. and Everett Holdings, LLC (collectively, Garza Enterprises) appeal the trial court's default judgment order in Julia Perez's premises liability and gross negligence suit.[1] Concluding the trial court did not render a final, appealable judgment, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Perez sued Garza Enterprises after she fell off a stool at a bar she alleges is owned by Everett Holdings and operated by M. Garza Enterprises. Perez asserted premises liability and gross

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

negligence claims, seeking compensatory and exemplary damages. After purportedly serving Garza Enterprises,[2] Perez filed a no-answer default judgment motion. Following a hearing on the motion, the trial court entered a $1.5M default judgment order against Garza Enterprises. At Perez's request, the trial court signed an order titled "Final Judgment," stating in relevant part:

> ON THIS DAY, the Court called the above styled and numbered cause for final trial. Plaintiff Julia Perez appeared personally and by and through her attorney of Record Jeremy Sloan. Defendants, M. Garza Enterprises, Inc. and Everett Holdings, LLC though duly noticed failed to appear.
>
> After duly considering the evidence, and being guided by the facts and the law, the court finds that Defendants M. GARZA HOLDINGS, INC. and EVERETT HOLDINGS, LLC, jointly and severally should pay to Plaintiff JULIA PEREZ, the sum of ONE MILLION FIVE HUNDRED DOLLARS AND NO/l00 ($1,500,000.00) [*sic*] for all damages suffered by Plaintiff as set out in Plaintiff's Petition on file in this case.
>
> .     .     .
>
> All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. All other relief not expressly granted is hereby denied.

The order also awarded Perez costs as well as prejudgment and post-judgment interest on all amounts.

Perez then requested a turnover order under Chapter 31 of the Texas Civil Practice and Remedies Code and asked the trial court to appoint a receiver. The trial court granted the motion. After the receiver apparently started seizing property, Garza Enterprises appeared and moved for relief, arguing the default judgment order is not a final judgment for several reasons, including that it lacks requisite finality language. The trial court agreed and vacated its turnover order (but not the default judgment order, although it described the default judgment order as "not final").

---

[2] Garza Enterprises contends they were not properly served.

Before the trial court vacated the turnover order, Garza Enterprises filed a notice of restricted appeal of the default judgment. Instead of voluntarily dismissing their appeal after the trial court ruled, Garza Enterprises filed a "Jurisdictional Advisory & Motion for Finality Determination, Motion to Award Costs" in which they acknowledge the trial court's order in their favor but ask this Court to "make a determination as to the finality of the judgment, agreeing with the trial court's determination that the interlocutory default judgment is not final and appealable." In short, Garza Enterprises asserts that the default judgment order is not a final, appealable order but appealed to preserve its rights in case this Court disagrees. Perez agrees that there is no jurisdiction following the trial court's clarification that the default judgment order was not final.

## ANALYSIS

Whether we have jurisdiction is a legal question, which we review de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). In general, a party can appeal only a final judgment, unless an exception applies to allow appellate review before final judgment, none of which are applicable here. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). While a judgment following a trial on the merits is presumed to be final, "there is no such presumption of finality following a . . . default judgment." *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005). A judgment is final when it "actually disposes of every pending claim and party or . . . it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Lehmann*, 39 S.W.3d at 205). "If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Patel v.*

3

*Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). In other words, "reviewing courts . . . look at the record only if the order [i]s not clear and unequivocal." Thus, we begin by determining whether the challenged order is clearly and unequivocally final on its face. *Patel*, 661 S.W. 3d at 154.

While "no magic language is required" to satisfy the clear-and-unequivocal standard, merely stating that the order is "final" or "appealable," including a Mother Hubbard clause,[3] or awarding costs are not sufficient when standing alone. *Id.* Instead, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)). Here, though the default judgment order is titled "Final Judgment" and includes a Mother Hubbard clause, it does not contain "a clear and unequivocal statement of finality" sufficient to render the judgment final, as it does not state that it disposes of all claims and parties or is appealable. *Id.*

We therefore turn to the record to determine whether the judgment "actually disposes of every pending claim and party." *Id.* at 801–02. We recognize that in its order vacating the turnover order, the trial court stated that the default judgment "is not final." Although noteworthy, we do not find that language dispositive of the outcome, as the trial court did not expressly vacate, replace, or modify the default judgment order (as contemplated by Texas Rule of Appellate Procedure 27.3). Moreover it accounted for an appellate court disagreeing that the default judgment is not final by stating "if that Judgment is subsequently determined to be final by any subsequent Orders of this Court or by any appellate court, any monies paid to Defendants' counsel

---

[3] A Mother Hubbard clause is "a recitation that all relief not expressly granted is denied." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001).

4

by the Receiver are hereby Ordered to be returned to the Receiver by the Defendants within sixty (60) days of the entry of this Order, and the [turnover order] shall be reinstated."

Examining the record, we agree that the default judgment is not a final judgment because it did not dispose of Perez's gross-negligence claim. First, Perez's motion for default judgment did not request a judgment on this claim, nor did it include any allegations in support of the claim. And we presume the trial court's order did not grant more than Perez requested. *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129, 134 (Tex. App.—San Antonio 2005, no pet.) ("We presume the regularity of a judgment absent controverting evidence." (quoting *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.)).

Second, the order awarded Perez $1.5M for "all damages suffered" and prejudgment interest on that amount. However, exemplary damages (which Perez sought for her gross negligence claim) are "awarded as a penalty or by way of punishment but not for compensatory purposes." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(5). In other words, exemplary damages are not "suffered" by a plaintiff. *See Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004) (discussing "the relationship between the actual *harm suffered* and the exemplary damages awarded" (emphasis added)). Additionally, the court awarded prejudgment interest on the $1.5M award, yet "[p]rejudgment interest may not be assessed or recovered on an award of exemplary damages." TEX. CIV. PRAC. & REM. CODE ANN. § 41.007. Moreover, the order could not have awarded exemplary damages within the $1.5M lump sum because the amount of exemplary damages must be calculated in relation to the amount of compensatory damages awarded. *Id.* § 41.008(a), (b).

Thus, considering the record and the default judgment order's plain language, we conclude the trial court's order granting Perez's motion for default judgment is not a final, appealable judgment. *See Burlington*, 157 S.W.3d at 830.

5

## CONCLUSION

As the default judgment is not a final, appealable judgment, and no constitutional or statutory grant of jurisdiction permits us to review it, we dismiss the appeal for want of jurisdiction. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). All remaining pending motions are denied as moot.

Both Garza Enterprises and Perez seek costs of this appeal. Ordinarily, our judgment awards "to the prevailing party costs incurred by that party related to the appeal, including filing fees in the court of appeals and costs for preparation of the record." TEX. R. APP. P. 43.4. Here, because we dismiss the appeal due to lack of a final judgment—and thus without reaching the merits—there is no "prevailing party" on appeal. *See id.* We may also tax costs otherwise as required by law or for good cause. *Id.* Under these particular circumstances, we also conclude there is no "good cause" to tax costs against either party; accordingly, each party shall pay its costs by reason of this appeal. *See id.*; *Izen v. CIG Comp Tower, LLC,* No. 14-17-00428-CV, 2021 WL 5831453, at *1 (Tex. App.—Houston [14th Dist.] Dec. 9, 2021, no pet.) (supp'l mem. op. on reh'g). Finally, we decline to assess sanctions.

LISA J. SOTO, Justice

December 11, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)